## Stearns Coal Company v. King.

(Decided January 13, 1916.)

### Appeal from McCreary Circuit Court.

Master and Servant—Fellow Servants—Recovery for Ordinary Negligence.—Motormen on separate cars are not fellow servants, and there may be a recovery by one if he is injured by the ordinary negligence of another.

J. N. SHARP for appellant.

R. L. POPE, L. G. CAMPBELL and W. F. HINKLE for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The appellee, King, while operating a motor car in the mine of the appellant company, was injured when

another motor car collided with the one he was operating. In a suit to recover damages for the injuries so sustained, there was a verdict and judgment for fifteen hundred dollars, followed by this appeal.

It appears from the evidence that the appellee, when working at his regular employment, was a coal miner, but on the day of the injury he was directed by the assistant mine foreman to take the place of a regular motorman, who was absent. Another motor car was in charge of one Howard Phillips, and Howard Phillips was directed by the assistant foreman to take his motor outside and wait there until the other motors came out. But in place of doing this, and while appellee was coming out with his motor, Phillips started with the motor he was operating back into the mine and collided with the motor being operated by the appellee. Why Phillips ran his motor in the mine at a time when he knew, or should have known, that appellee was coming out on the same track, is not disclosed by the evidence, as Phillips did not testify.

On this appeal one ground urged for reversal is that the court instructed the jury that there could be a recovery if the injury was caused by the ordinary negligence of Phillips, when the appellant company could not be held liable in this action for damages unless the injury was caused by the gross negligence of Phillips. But the rule has been announced by this court many times that in cases like this there may be a recovery for ordinary negligence: L. & N. R. R. Co. v. Brown, 127 Ky., 732.

These motormen were not fellow servants: Milton v. Frankfort & Versailles Traction Co., 139 Ky., 53; Louisville Railway Co. v. Hibbitt, 139 Ky., 43.

The only other ground relied on for reversal is that appellee was guilty of such contributory negligence in operating his motor without lights as to defeat a recovery. In answer to this it is sufficient to say that the evidence shows very conclusively that the motor King was operating was not equipped with lights, or if it was, the lighting machinery was so defective as that it could not be used.

The judgment is affirmed.