## Cummins v. W. J. Sparks Company.

(Decided February 13, 1917.)

### Appeal from Rockcastle Circuit Court.

Master and Servant—Fellow Servants—Who Are Not.—Operators of separate cars in a rock quarry hauling rock to a crusher are not fellow servants of other employes of the same master engaged in operating other cars in which rock is hauled to the crusher, and if a servant engaged in the operation of one of these cars is injured by the negligence of a servant engaged in the operation of another car, the master will be liable.

SAM C. HARDIN for appellant.

C. C. WILLIAMS and BETHURUM & LEWIS for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

The appellee, Sparks Company, operates quite a large stone quarry in Rockcastle county. On one side of the quarry there was a crusher to which rock was carried from other parts of the quarry to be crushed. Running from the crusher through the middle of the quarry there was a track, and branching out from this main track at different points there were spur tracks extending to the walls of the quarry from which the rock intended to be crushed was procured. The rock was transported from the walls of the quarry to the

crusher on little cars, and each car was in charge of two employes. After the cars were emptied at the crusher, they were pushed by the men back on the main track to the spur on which they were intended to be run out to the rock, and from this point moved on the spur to where they were to be loaded. The spur tracks inclined toward the main track, and the main track towards the crusher, and so when a loaded car was started on the spur it would run of its own momentum to the main track and thence to a point near the crusher. There was a rule of the quarry that the empty cars being shoved back from the crusher to where they were to be loaded had the right of way on the main track; that is to say, loaded cars standing on the spurs were to be held until the empty cars had passed the point at which the spur on which the loaded cars were standing intersected the main track.

On the day the accident complained of by the appellant, Cummins, happened, he and another employe who had charge of the operation of one of these cars, were pushing an empty car on the main track from the crusher to the place at which it was to be loaded, and about the time, or shortly before, they reached the point on the main track intersected by a spur, two other employes of the company in charge of a loaded car that was standing chocked on this spur, carelessly or negligently removed the chock, and thereupon the loaded car ran down the spur to the main track and collided with the empty car being shoved by appellant and his partner. In the collision between the two cars appellant was injured, and he brought this suit against the company to recover damages.

On a trial of the case, after the evidence for the plaintiff was in, the court directed the jury to return a verdict for the company, and from the judgment on this verdict dismissing the petition, the plaintiff prosecutes this appeal.

Counsel for both parties agree that the trial judge was of the opinion that the operators of these cars were fellow servants and hence there could be no recovery against the company by one of these servants for an injury caused to him by the carelessness or negligence of another servant, and having this view of the matter, was influenced to order the verdict.

We think the trial judge was mistaken in assuming that the operators of these separate cars were fellow servants in the sense that the company would not be liable for an injury to the operator of one car caused by the negligence of the operator of another car. It is true they were fellow servants in the sense that all of them were employes of the same master and were engaged in similar service, but the operators of one of these cars had no control or direction over the operators of any of the other cars. The plaintiff and his partner were occupied with their duties connected with the operation of the car they were moving and had no control over the two men, or either of them, who were operating the loaded car. The plaintiff and his partner were not so associated with the two persons operating the loaded car as that they could under all circumstances, by the exercise of ordinary care and attention, protect themselves from the negligent acts of the operators of the other car.

The evidence in this record does not show that the plaintiff was guilty of any negligence or lack of attention in failing to observe the movement of the car which collided with the one he was pushing. He had a right under the rules of the company to assume that the loaded car would not be run out on the main track until his car had passed the spur on which the loaded car was located. But without commenting further on the evidence, we see no difference between the position of the operators of these separate cars and the position of motormen on different cars, or men on different trains, or operators on different mine cars. In each of these classes of cases we have held that the fellow servant rule did not apply and that the master might be held liable in damages for an injury to one motorman or one trainman or one mine-car man caused by the negligence of a motorman on another car or a trainman on another train or a miner on another mine car. L. & N. Railroad v. Brown, 127 Ky. 732; City Railway Co. v. Hibbitt, 139 Ky. 43; City Railway Co. v. Haynes, 128 S. W. 1055; Stearns Coal & Lumber Co. v. Tuggle, 156 Ky. 714; L. & N. Railroad v. Moore, 156 Ky. 708.

Wherefore, the judgment is reversed, with directions for a new trial.