## Saulsbury v. Elkhorn Consolidated Coal & Coke Company.

(Decided February 27, 1917.)

### Appeal from Pike Circuit Court.

Master and Servant—Liability for Injuries—Overtaxing Strength —Assumption of Risk—Contributory Negligence.—Where a mine employe engaged in pushing coal cars and, knowing of the presence of a knuckle in the track and of the necessity for increased exertion in pushing the car over the knuckle, attempts to push the car up the incline and is unable to do so because of his insufficient strength and is thereby injured, the danger is so obvious and easily appreciated that he assumes the risk and cannot recover of the master, notwithstanding the latter's promise to repair and assurance of safety.

J. S. CLINE and W. K. STEELE for appellant.

J. J. MOORE for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

In this action for damages for personal injuries by plaintiff, Lackie Saulsbury, against the Elkhorn Con-

solidated Coal & Coke Company, a demurrer was sustained to the petition as amended and the petition dismissed. Plaintiff appeals.

The petition, in substance, is as follows: The defendant is a corporation engaged in the business of mining and shipping coal. Plaintiff was a laborer in defendant's mines. It was a part of his duty to push coal cars into the rooms of the mines. In one of the rooms the slate had fallen from the roof and the debris had been forced under the track. The cross-ties were thicker than usual, and because of the thickness of the cross-ties and of the accumulation of the debris under the track, the track had become elevated to such an extent that it required a great deal of effort and exertion on the part of the plaintiff to push the car over said high place in the track. On the day previous to the accident, plaintiff called the attention of the mine foreman to the condition of the track. Said foreman promised plaintiff to send men at once to repair the track. Relying on this promise, plaintiff continued to work. He did not know of the dangerous and unsafe condition of the track or place and could not have known of it by the exercise of ordinary care. The defendant did know of the dangerous condition, or could have known of it by the exercise of reasonable care. While in the performance of his duty at the place assigned him by the defendant, plaintiff undertook to push a coal car over the steep place or declivity in the track. His strength was insufficient to force the car over the knuckle and the car ran down the declivity of its own momentum and injured plaintiff. The allegations of the amended petition are, in substance, as follows: The defendant negligently failed to furnish plaintiff a reasonably safe place to work. The place was not so obviously dangerous that a person of ordinary prudence would understand and appreciate the danger. Defendant not only promised to repair the place, but assured plaintiff that there was no danger in continuing to work there. Relying on this promise and assurance of safety, plaintiff continued to work.

Plaintiff insists that the trial court erred in holding that his petition as amended did not state a cause of action. His argument is as follows: It is clearly alleged that his injuries were caused by the failure of the defendant to furnish him a reasonably safe place to work; that he complained of the condition of the place

and defendant not only promised to repair it, but assured him that there was no danger in continuing at work; that he relied upon defendant's promise to repair and assurance of safety, and, it being further alleged that the place was not so obviously dangerous that a person of ordinary prudence would refuse to work, he completely negatived the theory of the assumption of risk and is, therefore, entitled to recover if the facts pleaded are true. We are unable to perceive how the safe place doctrine applies under the facts alleged. They do not show that the place where he was required to work was dangerous or unsafe. They merely show that the work at that place was attended with more difficulty than at places where the track was level. This is plainly shown by the allegation that "it required a great deal of effort and exertion on the part of this plaintiff to push a coal car up over said high place in the track." He also alleges that: "While pushing said car up over the aforesaid declivity in the said track, his strength was insufficient to force the car up over said knoll in said company's track, and that the car came back on this plaintiff running down said declivity of its own momentum and running over this plaintiff." In other words, the case is one where the defendant claims that his strength was insufficient to cope with the difficulty and that, by reason of his insufficient strength, he was injured. In our opinion, this case cannot be differentiated in principle from the case of Sandy Valley & Elkhorn Railway Company v. Tackett, 167 Ky. 756, 181 S. W. 349, L. R. A. 1916 D. 445, where it was held that a servant who overstrained himself while lifting a jack could not recover from the master, because he was the best judge of his own physical strength and was under a duty not to overtax it. In that case plaintiff was engaged in lifting. In the present case plaintiff was engaged in pushing. While he says that he did not realize the danger, the fact remains that he knew of the condition of the track and complained of this condition to the defendant. Not only so, but the work in which he was engaged was of the simplest character. Any man of common understanding would necessarily know that if his strength was insufficient to push the car over the knoll, or to hold it on the incline, the car would run down the incline. While it is alleged that plaintiff did not appreciate the danger, it is not shown that plaintiff

was a minor or inexperienced in such work. In view of the admitted facts, we are forced to the conclusion that the danger incident to plaintiff's work was so obvious and easily appreciated that he assumed the risk, notwithstanding defendant's promise to repair and assurance of safety. In other words, plaintiff, with full knowledge of the fact that the condition of the track required extra exertion on his part, undertook to perform the task, and, misconceiving his own strength, was unable to cope with the situation. Under these circumstances, the trial court properly held that the petition as amended did not state a cause of action.

Judgment affirmed.