## Harris v. Rex Coal Company.

(Decided November 8, 1917.)

Appeal from Harlan Circuit Court.

1. Death—Action.—Under section 6, Kentucky Statutes, the right of action for damages for the death of a person, resulting from a negligent or wrongful act, is in his personal representative; but, upon the personal representative's failure to prosecute the action, a beneficiary of such claim may do so.

2. Master and Servant—Trial—Question for Jury.—In an action for damages for the death of a miner engaged in conducting coal cars between the mine and the tipple, who, while so engaged, was run over and injured by a cut of cars released upon an incline, it was error to direct a verdict for the defendant, where, by pleading, defendant admitted that the injury was due to its "hostler," whose duty it was to release the cars by detaching from them the cable used in elevating them, having prematurely detached the cable, although plaintiff's evidence did not show which of defendant's employes caused the injury.

3. Master and Servant—Fellow Servants.—Coal miners, operating different trips of cars between the mine and the tipple, are not fellow servants.

4. Negligence—Sufficiency of Plea of Contributory Negligence.—A plea of contributory negligence, to be good, must allege that the party wronged was negligent, and that his negligence brought about his injury; and a plea that "deceased contributed to his own injury from which he died" is insufficient.

ROSE & HUFF for appellant.

BOWLING & BROCK and J. S. FORESTER for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

In December, 1914, Bona Harris, while working for the Rex Coal Company, was injured, and, within a few days thereafter, died. His father, Luke Harris, was appointed and qualified as administrator of his estate and, as such, attempted some sort of a settlement with the coal company of its liability for the death of Bona Harris.

The mother, Lutitia Harris, alleging that the death of Bona Harris resulted from the negligence of the coal company, that the attempted settlement with Luke Harris, as administrator, was fraudulent, and that he refused to institute suit against the company, filed this action against the coal company to recover damages for the death of Bona Harris, who left surviving him neither widow nor children. This, she had a right to do upon the refusal of the administrator to sue, although the right of action was, under section 6, Kentucky Statutes, originally in him. McLemore v. Sebree Coal & Mining Co., 28 R. 25.

The coal company answered, traversing the allegations of the petition and pleading contributory negligence, assumed risk, settlement with the administrator, and that the accident resulted from the act of a fellow servant of decedent, for which, if negligence, the company was not liable. By reply, plaintiff put in issue all of the allegations of the answer, except that it was admitted that the accident resulted from the negligent act of one of defendant's employes, but that he was a fellow servant of decedent was denied. At the completion of plaintiff's proof, upon motion of the defendant, the jury were directed to return a verdict for the defendant, and a judgment was entered thereon dismissing the petition.

In directing the verdict, the court stated that it was done because the proof failed to show clearly or sufficiently what servant of the company was responsible for the accident, but did show that the only employes that could have been responsible for the accident were fellow servants of decedent. By both the pleadings and the evidence it is shown that, at the time of the accident, decedent, with two other employes of defendant, was engaged in moving loaded coal cars from the mouth of the mine to the top of a steep incline, about thirty-one feet, down the incline about six hundred feet, and from the bottom of the incline across a high trestle to the tip-

ple at the railroad track, and in returning the cars, after they had been emptied at the tipple, back across the trestle to the foot of the incline, up the incline on a parallel track to the top of the incline, and back to the mouth of the mine; that the cars were moved up and down the incline by a cable, passing around a drum at the head of the incline operated by a drum-man; and that it was the duty of the decedent to release the cable from the loaded cars at the foot of the incline, follow these cars across the trestle, stop them by "spragging" at the tipple, dump the coal out of the cars, push the empty cars back across the trestle upon a track beneath the one upon which the loaded cars crossed the trestle, and, at the foot of the incline, attach the cable to the empty cars, and then signal the drum-man to raise the empty cars and lower another trip to loaded cars; that, when the empty cars reached the top of the incline, it was the duty of the third employe of the company engaged in these operations, called a "hostler," to take charge of the empty cars at the top of the incline, mount the first car arriving at the top, and, when all of the cars were safely up the incline, to release the cable and take the empty cars back to the mouth of the mine.

The defendant, in its answer, alleged that the accident was caused by the hostler at the top of the incline negligently releasing the cable from the front car before the last car had reached the top of the incline, there being three cars in the trip of empty cars; and that, by reason of his having prematurely detached the cable before the last car reached the top of the incline, its weight pulled the three cars back down the incline and that they ran against and injured decedent, while he was following a trip of loaded cars across the trestle. That the accident was so caused was admitted by plaintiff's reply. So, it is immaterial whether the evidence, introduced by plaintiff, did or did not show clearly or sufficiently which of the employes of defendant caused the accident, as this fact was admitted by the pleadings. There was no issue upon this question, and the court was not authorized, because of the lack of proof on this point, to direct the verdict.

The court was equally in error, in holding that the proof showed that the hostler, whose negligent act is admitted to have resulted in the accident, was the fellow servant of decedent. At the time of the accident, decedent was engaged at the foot of the incline in conducting

three loaded cars across the trestle, and necessarily, with his back to the hostler, who was, at the top of the incline, engaged in conducting three empty cars from the top of the incline to the mouth of the mine, and, while so engaged, negligently released the cable from his cut of cars before the last of the cars had reached the top of the incline. He was stationed on the front car, some fifteen or twenty feet back from the top of the incline, as these cars are from seven to nine feet long, and was entirely out of sight of decedent, even if the decedent's duties would have permitted him to turn his attention from the loaded cars to try to see what the hostler was doing with the empty cars under his control.

It is, therefore, clear, that decedent was injured, while engaged in operating a cut of loaded cars, by the negligence of another employe, then operating an entirely different cut of cars; and neither of these employes, while operating a separate cut of cars, was in any way associated with the other, or in a position to see or to know what the other was doing, or how he was performing his duty. Under such circumstances, such employes cannot be held to be follow servants. The fellow servant rule adhered to by us in a long line of decisions, is thus stated in L. & N. R. Co. v. Brown, 127 Ky. 732:

"When the servant is injured by employes of the same master, who are not directly associated with him and with whom he is not immediately employed, and whose qualifications for the place they occupy he has no means of knowing, and in whose selection he has no voice, and over whose conduct and actions he has no control, and against whose negligence and carelessness he can not protect himself, he may recover damages from the master for injuries received through their negligence, whether it be ordinary or gross, and without any reference to the position or place the servant causing the injury holds."

And in Louisville Railway Co. v. Hibbitt, 139 Ky. 43, as follows:

"The fellow servant rule is invoked in many cases, but applied in few. This court is fully committed to the doctrine of what is known as the 'association theory,' or, in other words, the master will not be excused for negligence resulting in injury to one servant which is inflicted by a fellow servant unless the servants are so engaged and situated as that each by carefulness and attention in the performance of his duties may protect

himself from injury caused by the negligence of the person with whom he is working."

In the application of this rule, we have held that brakemen on different trains, though working for the same employer, are not fellow servants. McHenry Coal Co. v. Robinson, 169 Ky. 121. Two drivers in a mine, each driving mules attached to different trips of cars, are not fellow servants. Stearns Coal & Lumber Co. v. Tuggle, 156 Ky. 714. Motormen operating different cars in the same mine are not fellow servants. Stearns Coal & Lumber Co. v. King, 167 Ky. 719. Operators of separate cars, in a rock quarry, hauling rock to a crusher are not fellow servants of other employes of the same master engaged in operating other cars in which rock is hauled to the crusher. Cummins v. W. J. Sparks Co., 173 Ky. 803. And in C. & O. Ry. Co. v. Brown, 152 Ky. 483, we quoted from the Hibbitt case, *supra,.* as follows:

"And this rule, to which we adhere, makes it plain that these motormen, operating on different cars, were not fellow servants. True it is, they were fellow servants in the sense that they were employes of the street railway company; but, in the performance of their duties, they had no association with or control over each other. Each, acting for himself, had charge of the operation of the car upon which he was running. Neither could control the actions of the other, or protect himself from the negligence of the other."

The cases cited and relied upon by counsel for appellee, are easily distinguished from this line of cases, in that the employes, causing and receiving the injuries, were held in those cases to be fellow servants because of their immediate association in the performance of the particular work from which the accident resulted. As was said in Dana v. Blackburn, 121 Ky. 706: "Each employe had an opportunity to observe and communicate with his fellow servants, to caution them by counsel, incite them by example, or report their delinquency to the master." Clearly, these conditions did not obtain in the instant case. Appellee's chief reliance is upon the case of Adams v. Cabin Branch Coal Co., 147 Ky. 595. There the running of the cars doing the injury was the common and joint business of Adams and another employe, Mims, and Adams testified that Mims, whose failure to see the signal of Adams caused the accident, was looking right into his face when he gave the signal to hold. Manifestly, that case has no application to the facts of the case at bar, where the two servants at

the time of the accident were engaged independently of each other in the operation of separate and distinct trains of cars, without means of communication or the opportunity of seeing or knowing how the other was performing his duties.

As a new trial will be necessary because of the error in directing a verdict for defendant other questions raised need not be considered, except that of the sufficiency of the attempted plea of contributory negligence, which is as follows: "The defendant says that the deceased contributed to his own injuries, from which he died." Plaintiff complains that her demurrer to this plea was overruled. Clearly, the court erred in holding that this was a good plea of contributory negligence, as it did not allege that the deceased was negligent; and that his negligence contributed to his injury, and but for which the injury would not have occurred, all of which allegations are necessary to such a pleading. N. L. & A. Turnpike Co. v. Pierman, 26 R. 933; Hummer v. L. & N. R. Co., 32 R. 1315; Harper v. Kopp, 24 R. 2342; C., N. O. & T. P. Ry. Co. v. Padgett, 163 Ky. 284.

For the reasons indicated, judgment is reversed and cause remanded for a new trial consistent herewith.