## Elk Horn Mining Corporation v. Paradise.

(Decided May 14, 1918.)

### Appeal from Floyd Circuit Court.

Master and Servant—Fellow Servants.—Operators of separate cars, in a coal mine, are not fellow servants of other employees of the same master engaged in operating other cars, and if a servant, engaged in the operation of one of these cars, is injured by the negligence of a servant, engaged in the operation of another car, the master will be liable.

ALLIE W. YOUNG, ED. C. O'REAR and SMITH & COMBS for appellant.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

Paradise was injured while working for the Elk Horn Mining Corporation, and in this suit to recover damages there was a judgment in his favor for $750.00, and the company appeals, insisting that there should have been a directed verdict in its favor and that the verdict was excessive.

The accident happened in this way: the mining company had constructed a short single track railroad for the purpose of hauling, in little cars pushed by men, slate and rubbish from the mouth of a mine that it was developing to a place not far from the mouth where this useless material could be dumped. When Paradise was injured, he and two other employees were pushing a load of refuse from the mine to the dump, and it appears that on account of an elevation in the track they had some difficulty in pushing the car over this place, and in fact were apparently unable to do so. While they were making an effort to push the car over this

elevation, another similarly loaded car coming behind them, and also pushed by men, ran into and struck Paradise.

This suit was brought upon the theory that the track was unsafe and therefore the mining company had failed to furnish Paradise a safe place in which to work, and on this theory of the case it was submitted to the jury; but we do not think the evidence in this record shows that the company was guilty of any negligence in this respect. Saulsbury v. Elkhorn C. C. & C. Company, 174 Ky. 324.

The court also instructed the jury that there could be no recovery by Paradise if his injuries were sustained by or on account of the acts and conduct of the men who were pushing the car that ran into him, and this upon the ground that the men pushing this second car were fellow servants of Paradise. And so, as the negligence if any of the men pushing the second car was taken out of the case, the jury must have found a verdict for Paradise upon the ground that the track was unsafe.

If, however, the men pushing the second car were guilty of negligence, and his injuries were the result thereof, the company was liable to him for any injury sustained thereby, and there is no dispute about the fact that the injuries he sustained were caused by the collision of this second car with him. The men pushing the second car were not fellow servants of Paradise. See Cummins v. W. J. Sparks Company, 173 Ky. 803; Harris v. Rex Coal Company, 177 Ky. 630.

As the evidence was not sufficient to sustain the finding of the jury the case must be reversed, but upon its return to the lower court the plaintiff should be permitted to amend his petition if he so desires, and in addition to the ground of negligence relied on in the petition, seek a recovery upon the ground that Paradise was injured by the negligence of the men pushing the second car, and if there is evidence to support this averment the case should go to the jury upon this issue. It should, of course, also be submitted on the issue of unsafe place if the plaintiff can make out on this issue a better case than he made on the last trial, and a case that would authorize a submission on this issue.

Wherefore, the judgment is reversed with instructions for a new trial in conformity with this opinion.