Mary Alice WHEELER, Appellant,

v.

HARTFORD ACCIDENT & INDEMNITY COMPANY et al., Appellees.

Supreme Court of Kentucky.

Jan. 10, 1978.

James E. Clarkson, Maysville, James M. Todd, Lexington, for appellant.

Woodson T. Wood, Maysville, for appellees.

PER CURIAM.

Mary Alice Wheeler appeals from a summary judgment dismissing her claim against Charles Jones, an uninsured motorist, and Hartford Accident & Indemnity Company, her insurance carrier.

Mary Alice Wheeler and Joe Fields, Jr., were the parents of Joseph Gregory Fields, born January 13, 1956. The parents were divorced in 1961, and she was awarded custody of their son. On August 3, 1972, Gregory, while a passenger in an automobile being driven by Charles Jones, sustained fatal injuries in a collision. Jones had no insurance coverage and, therefore, qualified as an "uninsured motorist."

At the time of the son's death, both Mary Alice and Joe, the parents, had "family automobile policies" containing the usual uninsured motorist coverage. Royal Globe Insurance Companies had coverage on Joe, while Hartford Accident & Indemnity Company had coverage on Mary Alice.

On March 30, 1973, Joe Fields, Jr., qualified as administrator of the estate of Joseph Gregory Fields and thereafter, on April 13, 1973, entered into a settlement agreement with Royal Globe by which he, as administrator, accepted $12,500 in full settlement of all claims arising out of the death of Joseph Gregory Fields. Endorsement of the Royal Globe check effected a

general release of all claims against Charles Jones. There were no exceptions or reservations of any rights or claims to be later asserted by any interested party.

On April 16, 1973, Mary Alice Fields (Wheeler) executed to Joseph Fields, Jr., a release by which she released him "from any and all claims that I may have on the insurance proceeds he may at any time collect from his insurance carrier." He, in turn, executed to her a release relinquishing any claim that he might have to proceeds collected from her insurance carrier. (The release executed to Joseph Fields, Jr., is to him individually and not as administrator of the estate of Joseph Gregory Fields, the insured under the Royal Globe policy.)

On July 28, 1973, Joe Fields, Jr., executed an affidavit to the effect that he had been appointed administrator of the estate of Gregory Fields on March 30, 1973, and, "that this affiant refuses to file suit as administrator against Charles J. Jones upon behalf of any claim that Mary Alice Wheeler might have under her policy of insurance with Hartford Insurance Company." This refusal to prosecute, if it may be called such, was executed months after the claim against Jones had been settled and a general release executed.

Subsequent to Joe's refusing to file an action on behalf of Mary Alice, she, individually, filed one against her insurance carrier and Charles Jones. The trial court sustained a motion for summary judgment and dismissed the complaint filed by Mary Alice Wheeler. The trial court, in granting summary judgment, held that the action of Mary Alice, being one for wrongful death, was in tort and not in contract and, further, that the authority to bring an action for wrongful death was vested exclusively in the personal representative of the deceased. It is from this holding that Mary Alice Wheeler appeals.

The issues are somewhat beclouded and confused by the injection of a corollary question regarding the validity of uninsured-motorist coverage under policies issued by two separate companies. The liability of Royal Globe and Hartford was never in issue. Rather, the concern centered about the procedural aspects of enforcing payment of sums accruing by reason of the wrongful death of Joseph Gregory Fields.

A resolution of Mary Alice's dilemma turns upon the answer to two questions. First, was her claim for the wrongful death of her son a tort action or a contract action based on the contract provisions of the uninsured-motorist coverage in the Hartford policy? Second, did she have statutory authority to prosecute a wrongful-death action?

■ All policies of insurance are contracts by which the insured agrees to pay certain sums upon the happening of a particular event. The uninsured-motorist coverage of Mary Alice's liability policy provided:

"To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury,' sustained by the insured, caused by accident arising out of the ownership, maintenance or use of such uninsured automobile."

The contract liability of the insurer matures only in the event that bodily injury results from the tortious act of the uninsured driver. Specifically, a claimant must establish entitlement to the benefits of the policy by proceeding in tort against the uninsured driver and proving that his negligent operation of the uninsured automobile brought about the injury or death of the insured.

■ Mary Alice's reliance on the contract theory is misplaced. Recovery for the death of her son is predicated on the tortious conduct of Charles Jones. Absent a determination of his negligence, there would be no recovery for which Hartford would be liable. Basically, liability upon any claim under an automobile liability policy, including uninsured-motorist coverage,

requires that there be established as a prerequisite to recovery the negligence of the (uninsured) motorist. Once tort liability is determined, then the processes of collecting an award might well, in many instances, spawn an action against the insurance carrier on its contract.

KRS 411.130 mandates that all actions for wrongful death be maintained by the personal representative of the deceased. The "wrongful-death statute" has been a part of the general laws of this Commonwealth since 1893. Courts have consistently held that the right of action is in the personal representative exclusively. In *Louisville & N.R. Company v. Turner*, 290 Ky. 602, 162 S.W.2d 219 (1942), the court said:

> "Section 6 [KRS 411.130] of the Statutes authorizes a suit for damages for the tortious death of a person to be prosecuted by his personal representative. The right is exclusive and no one other than a personal representative has the legal capacity to maintain such an action and a settlement made by a personal representative is binding upon the beneficiaries."

As Mary Alice Wheeler was not the personal representative of her deceased son, she could not maintain this action. The fact that her ultimate claim was against Hartford under its uninsured-motorist coverage contract did not justify her proceeding in her individual capacity.

Contrary to the requirements of KRS 411.130, when a personal representative refuses to bring an action, the beneficiary may do so in her own name. *Harris v. Rex Coal Company*, 177 Ky. 630, 197 S.W. 1075 (1917). Mary Alice, in claiming a right to bring this action in her own name, relies on Joe's refusal to bring an action in his fiduciary capacity. Emphasis is placed on the affidavit that Joe filed in this record.

Correlating this affidavit with the facts, this court is persuaded that the administrator's refusal to file the action requested by Mary Alice did not constitute a refusal to proceed on behalf of the estate of their son. Prior to that date, April 13, 1973, Joe, as administrator of his son's estate, had entered into a settlement agreement with Royal Globe, collected $12,500 on behalf of the estate, and executed a general release. The requested action was tantamount to proceeding as administrator in an effort to collect for the benefit of Mary Alice, and not the estate of Gregory Wheeler, sums which she asserted were due her from Hartford. Finally, Mary Alice had no cause of action to prosecute. The release that Joe had executed, with her knowledge, on April 13, 1973, was binding on her as one of the heirs or beneficiaries of the estate of Joseph Gregory Wheeler. *Louisville & N.R. Company v. Turner*, 290 Ky. 602, 162 S.W.2d 219 (1942).

The judgment is affirmed.

All concur.