FOSBURGH *et al.*, *Appellants*, v. ROGERS *et al.*

Division One, February 6, 1893.

1. **Child**: ADOPTION: HEIRSHIP. A child adopted in accordance with the Missouri statute acquires a right to inherit from the adoptive parents upon their intestacy.

2. ———: ———: ———: STATUTE OF DESCENTS. The inheritable right of an adopted child does not conflict with the statute of descents. The statute touching adoption points out who are to be considered "children" within the meaning of the statute of descents.

3. ———: DEED OF ADOPTION. Where the law provided that one might, by deed, adopt a child as his "heir and devisee," but the deed in question adopted the child as "heir or devisee," while otherwise plainly showing an intent to follow the statute, the adoption is held valid.

4. **Statutes and Deeds, Construction of.** Statutes and deeds should receive a reasonable construction, so as to give effect to their intent.

5. **Child**: ADOPTION: NAME. A child was by deed adopted under the surname of its adoptive parents, without disclosing his former name; *held*, that the law did not require mention of that name, if his identity was otherwise indicated with certainty.

*Appeal from St. Louis City Circuit Court.*—HON. L. B. VALLIANT, Judge.

AFFIRMED.

THIS is an action in ejectment for the possession of certain real estate in the City of St. Louis. Both parties trace title to a common source, Dr. James H. McLean.

On the fifth of March, 1878, Dr. James H. McLean and his wife, Sarah L. McLean, executed a deed for the adoption of the defendant, C. Hart McLean, under the statutes of Missouri, in the following form, viz.:

"This indenture, made and executed this fourth day of March, A. D., one thousand eight hundred and seventy-eight, by and between James H. McLean and his wife, Sarah L. McLean, of the city of St. Louis, state of Missouri, parties of the first part, and C. Hart McLean, of the same place, party of the second part, witnesseth: That we, the said James H. and Sarah L. McLean, for and in consideration of the love and affection we bear unto said C. Hart McLean, a minor child, now about nine (9) years old, and in further consideration of the fact that we have had the sole care, support, education and nurture of said minor child from the time when said minor child was about seven months old unto the present day, and in further consideration that we have given said minor child our name, and he has never been known by any other name, and in further consideration of $1 to us in hand paid by the said C. Hart McLean, the receipt whereof is hereby acknowledged,

"Do take, receive, acknowledge and adopt as our child the said C. Hart McLean, having been born on the fourth day of April, A. D. 1869; to have and to hold said minor child, C. Hart McLean, unto us, the

said James H. and Sarah L. McLean, as our child for and during the life of the said C. Hart McLean, with all the rights as heir or devisee, the same rights as a child of our bodies, and all the privileges and obligations existing between parent and child, according to the provisions of the act of the general assembly of the state of Missouri, approved February 23, 1857, which act expresses the intention of the parties and by which they will be governed.

· "In witness whereof the parties of the first part to these presents have hereunto set their hands and seals the day and year first above written.

"[SEAL.]                          JAMES H. McLEAN,
"[SEAL.]                          SARAH L. McLEAN."

This instrument was duly acknowledged March 4, 1878, and recorded March 5, 1878.

On the fourteenth of January, 1885, Dr. James H. McLean published his will bequeathing all of his property to his wife, Sarah L. McLean, for life, with power to dispose of same meanwhile by deed or will.

· . The provisions of Dr. McLean's will, so far as they relate to C. Hart McLean, are as follows:

· · "The controlling feature of this, my last will and testament, is that my said wife, Sarah L. McLean, shall own and enjoy, as long as she lives, all of said estate with full power of disposal on her part while living and at her death; and that my wife shall be the guardian of our son, Charles Hart McLean, and our daughter, Sarah Grace McLean, until they shall have attained each their legal majority by the laws of the state of Missouri."

"The devise herein to my said wife is in lieu of dower and all marital rights. I direct that she shall receive promptly after my decease such funds as she requires for her support, and that of my son, Charles

Hart McLean, and my daughter, Sarah Grace McLean, without order or allowance from court."

On the twelfth of August, 1886, Dr. James H. McLean died. His will was thereafter probated, and his widow accepted its provisions.

On the tenth of October, 1887, Mrs. McLean executed a deed of adoption of defendant James H. McLean, as follows, viz.:

"Know all men by these presents that I, Sarah L. McLean, of the city of St. Louis and state of Missouri, in consideration of the sum of $1 to me in hand paid, and the love and affection I have for James Henry McLean, a minor child now living with me in the city of St. Louis aforesaid, have adopted and by these presents do adopt as my own child the said James Henry McLean, and I do by these presents confer and confirm upon the said child all the rights and privileges appertaining thereto as by the statutes made and provided.

"In witness whereof, I have hereunto set my hand and seal this fifth day of September, A. D. 1887.

"[Seal]                    Sarah L. McLean."

This instrument was duly acknowledged on the eighth of September, 1887, and recorded on the tenth of October following.

On the third of December, 1889, Mrs. Sarah L. McLean died suddenly, intestate, never having remarried or exercised the power of disposal given by the will of her husband, Dr. McLean.

Plaintiffs comprise all the collateral blood relations of both Dr. James H. McLean and his wife who would inherit from either of them, in case of intestacy, provided the alleged child or children do not lawfully acquire the property to their exclusion.

Defendant Rose C. Rogers is the tenant of the property in dispute, under her co-defendants C. Hart

McLean and James H. McLean, who claim title under the two deeds of adoption above quoted.

The cause was tried by the court. At the close of the evidence a declaration of law was given to the effect that plaintiffs were not entitled to recover. They then appealed to the supreme court to reverse the ruling mentioned.

The other facts appear in the opinion of the court.

*A. A. Paxson, Alexander Martin* and *Hough & Hough* for appellants.

(1) The act of February 23, 1857, being in derogation of the common law, is to be strictly construed as against any person claiming any rights under it in contravention of the general law of inheritance, founded upon natural relationship. *Keegan v. Geraghty*, 101 Ill. 33; *Estate of Jessup*, 81 Cal. 408; *In re Chambers*, 80 Cal. 216; *Wallace v. Rappleye*, 103 Ill. 229; *Tyler v. Reynolds*, 53 Iowa, 148; *Gill v. Sullivan*, 55 Iowa, 341; *Shearer v. Weaver*, 56 Iowa, 578; *Wyeth v. Stone*, 144 Mass. 441; *People v. Congdon*, 77 Mich. 351; *Morrison v. Session's Estate*, 70 Mich. 297; *King v. Davis*, 91 N. C. 142; *Upson v. Noble*, 35 Ohio St. 655; *Ex Parte Clark*, 87 Cal. 638; Sutherland on Statutory Construction, sec. 400, p. 510, and sec. 139, p. 182; *Smith v. Haworth*, 53 Mo. 88; *State v. Clinton*, 67 Mo. 380; *Yankee v. Thompson*, 51 Mo. 234; *Mueller v. Kaessmann*, 84 Mo. 323. (2) The deeds of adoption in this case are void because they show on their face that the children attempted to be adopted were without authority of law given fictitious names by the persons executing the deeds, and the real names of said children nowhere appear in said deeds, nor do the parents or guardians of said children join in the execution of the same. Revised Statutes, 1865, sec. 1, ch. 119, p. 478; *In re*

*Clements*, 78 Mo. 352; *Skelton v. Sackett*, 91 Mo. 377. (3) Under the law of adoption of children in this state (Revised Statutes, 1865, p. 478, and Revised Statutes, 1889, secs. 968, 971), the adopted child does not become an heir at law of the person executing the deed of adoption, and the real property of the intestate does not pass to such adopted child to the exclusion of blood relatives of the deceased, and the adopted child has only such rights as are defined in the third section of said act, to-wit, the right to support and maintenance and proper and humane treatment. Act of 1857, section 3, and section 970, Revised Statutes, 1889.

*Rowell & Ferriss, Boyle, Adams & McKeighan* and *Joseph S. Laurie* for respondents.

(1) Our statute, concerning adoption of children, confers upon the child adopted, according to its provisions, the right of heirship from the adoptive parents. *Reinders v. Koppelmann*, 68 Mo. 482; *In re Clements*, 78 Mo. 352; *Sharkey v. McDermott*, 91 Mo. 647; *Reinders v. Koppelmann*, 94 Mo. 338; *Davis v. Hendricks*, 99 Mo. 478. *First.* The foregoing decisions amount to a rule of property. Wells on Res Adjudicata & Stare Decisis, sec. 594; Sutherland on Statutory Construction, sec. 318; *Reed v. Ownby*, 44 Mo. 204. *Second.* Our act relating to the adoption of children so construed by the foregoing decisions of this court as to entitle an adopted child to inherit from its adoptive parent, by the revision of 1889, has received legislative sanction and that, too, whether the revision of 1889 be a reenactment of the adoption act or a continuance of same in force. *Sanders v. Anchor Line*, 97 Mo. 29; *Handlin v. Morgan Co.*, 57 Mo. 114. *Third.* Statutes of descents and distributions are not required to be amended in order to include adopted children; and herein of our damage

act and special legislation prior to the adoption of our constitution of 1865 and legislation of other states. *Ross v. Ross*, 129 Mass. 243; *Powers v. Hafley*, 85 Ky. 671; *Estate of Wardell*, 57 Cal. 484; *Newman's Estate*, 75 Cal. 213; *Eckford v. Knox*, 67 Tex. 200; *Vidal v. Commagere*, 13 La. Ann. 56; Special Act of Missouri Legislature, approved March 3, 1857; Laws of Missouri, 1856-7 p. 205. *Fourth.* Analysis of our adoption act in itself manifests a clear legislative intent to create a right of heirship on the part of the adopted child. *Vidal v. Commagere, supra*, and cases therein cited; Bingham on Descents, p. 293; *Eckford v. Knox, supra; Reinders v. Koppelmann*, 68 Mo. *supra*. *Fifth*. If the first section of our adoption act is not complete and perfect in itself and does not create the relation of heirship, then section 3 supplements it, so as to accomplish that purpose. *Reinders v. Koppelmann*, 68 Mo. *supra; In re Clements, supra*. (2) The deeds of adoption of respondents are valid, notwithstanding appellants' objection thereto. *First*. It was not necessary to have the family or "original" name of the children adopted inserted in the deeds as grantees. *Second*. Devlin on Deeds, secs. 184-85; 3 Washburn on Real Property, [5 Ed.] pp. 278, 280; Martinale on Conveyances, sec. 67; 5 American & English Encyclopedia of Law, p. 432; 4 Kent, 462; Tiedeman on Real Property, sec. 978; 5 Lawson's Rights & Remedies, sec. 2, p. 268-9; 2 Wait's Actions and Defenses, p. 499; 4 Cruise on Real Property, p. 262; Elphinstone's Interpretation of Deeds, p. 126; *Scanlon v. Wright*, 13 Pick. 523; *Cook v. Sinnamon*, 47 Ill. 214; *Ready v. Kearsley*, 14 Mich. 215; *Hogan v. Page*, 2 Wall. 605; *Zann v. Haller*, 71 Ind. 136; *Hann v. Tinchener*, 3 Mon. 196; *Wakefield v. Brown*, 38 Minn. 361; *Lane v. Duchac*, 73 Wis. p. 646; *Wilson v. White*, 84 Cal. 239; *Tobin v. Bass*, 85 Mo. 654; *Rogers v. Carey*, 47 Mo. 236; *Hall v.*

*Hall,* 17 S. W. Rep. 811; *Boone v. Moore,* 14 Mo. 420; *Arthur v. Weston,* 22 Mo. 378; *Thomas v. Wyatt,* 31 Mo. 188; *Hamilton v. Pitcher,* 53 Mo. 334; *Skinner v. Haagsma,* 99 Mo. 208; *McKee v. Spiro,* 17 S. W. Rep. 1013. *Third.* No change of name by legal proceedings was necessary. *Schofield v. Jennings,* 68 Ind. 233; *Doe v. Yates,* 5 Barn. & Ald. 544; 16 American & English Encyclopedia of Law, p. 118; *In re Snook,* 2 Hilton, 566; *Preiss v. LePoidevin,* 19 Abb. N. C. 123; *Linton v. Bank,* 10 Fed. Rep. 894; Elphinstone's Interpretation of Deeds, p. 128; *Davis v. Lowndes,* 1 Bing. N. C. 597. *Fourth.* Neither the actual parents nor guardian of the children were required to join in the execution of the deeds of adoption in order to entitle the children to inherit from the adoptive parents. *In re Clements, supra.* (3) Principles which govern the construction of the adoption Act. Generally speaking such statutes are to have a reasonable construction, in order to accomplish the purpose intended, and no such strict construction, as contended for by appellants' counsel, prevails. Sedgwick on Construction of Statutes, p. 274; *Abney v. DeLoach,* 84 Ala. 393; *Krug v. Davis,* 87 Ind. 590; *Morrison v. Session's Estate,* 70 Mich. 297; *Winans v. Luppie,* 47 N. J. Eq. 302; *People ex. rel. v. Bloedel,* 4 New York Supp. 110

BARCLAY, J.—This case turns on the question of the sufficiency of the steps taken by James H. McLean and his wife to adopt C. Hart McLean as their heir under the Missouri law. The deed executed and recorded by them with a view to such adoption, appears at large in the statement accompanying this opinion. If that act was valid to effectuate the purpose apparently intended, we need not take up any other question that the fact may suggest.

No question is raised of the rights of defendants between themselves.

Plaintiffs assert the invalidity of that deed on various grounds.

1. The chief objection goes to its substance, and declares that, "under our statute of adoption, the adopted child does not become an heir at law of the person executing the deed of adoption, and as such entitled to inherit from an intestate, to the exclusion of his blood relatives; but has only such rights as are defined in the third section of the act."

The sections whose meaning is thus drawn in question are the following, viz.

"Section 968. *Adoption of child may be by deed.*— If any person in this state shall desire to adopt any child or children as his or her heir or devisee, it shall be lawful for such person to do the same by deed, which deed shall be executed, acknowledged and recorded in the county of the residence of the person executing the same, as in the case of conveyance of real estate.    Revised Statutes, 1879, sec. 599.

"Section 969. *Married woman may join in deed.*— A married woman, by joining in the deed of adoption with her husband, shall, with her husband, be capable of adopting any child or children.    Revised Statutes, 1879, sec. 600.

"Section 970. *Rights of adopted children.*—From the time of filing the deed with the recorder, the child or children adopted shall have the same right, against the person or persons executing the same, for support and maintenance and for proper and humane treatment, as a child has, by law, against lawful parents; and such child shall have, in all respects, and enjoy all such rights and privileges as against the persons executing the deed of adoption. This provision shall not extend to other parties, but is wholly confined

to parties executing the deed of adoption." Revised Statutes, 1889, identical with Revised Statutes, 1879, secs. 599, 600, 601.

The phraseology of the law as above quoted differs slightly from that in force in 1878, when the principal deed of adoption was made. That difference will be exhibited later in the discussion of another point. It does not bear on the subject now in hand, in dealing with which the foregoing quotation sufficiently presents the law to be construed.

Without pausing to determine whether upon a close analysis of section 970 the words "all such rights" should not properly be construed to mean "all such rights as a child has by law against lawful parents," we pass at once to a broader and more obvious view of the law, concerning which we entertain no doubt.

If, as plaintiffs suppose, an adopted child acquires only the rights, under section 970, "for support and maintenance and for proper and humane treatment," and not the right to inherit from the adoptive parent in case of intestacy, it is very evident that the statute fails to gratify the desire to adopt a child as an *"heir,"* which section 968 declares some may entertain, and (what is more to our present purpose) which that section further declares may lawfully be carried out.

To put forward such an interpretation of section 970 is to bring it at once into plain dissonance with section 968 which says positively, that by following the prescribed form, it shall be lawful for a person to "adopt any child * * * as his heir or devisee."

To "adopt a child" has been held, after an exhaustive and learned examination of its meaning, to imply of itself, without more, that the child adopted possessed a right to inherit from the adoptive parent. *Vidal v. Commagere,* 13 La. Ann. (1858), 516.

But our law goes a step further than that phrase in conferring such right, by the use of the words in section 970, which express that meaning fully, whether we ascribe to the word "heir" its significance in the common or in the civil law.

If we accept the reading of section 970 proposed by plaintiffs, one might indeed adopt a child and thereby confer on the latter the particular rights mentioned in that section, but he certainly could not adopt the child "as his heir," which is precisely what section 968 says he may do.

At this point we may with advantage recur to the ancient and useful rule of construction that a statute should be so interpreted, in case of question, as that all parts of it shall stand, rather than that any part shall perish by construction.

The words "as heir or devisee" in section 968 must be dropped from view if we follow the plaintiffs; but if, on the other hand, we give those words their natural significance by holding that they bestow a right of inheritance upon the child named in the deed, and that section 970 merely designs to confer further personal rights, as legal consequences of the consummated act of adoption, the two sections will be in entire harmony. The latter we regard as the correct reading of these sections—the only one that will allow full force and effect to the manifest purpose of the law, regarded in its entirety.

This conclusion might readily be fortified by deductions from the sources of the law of adoption; but it seems to us too clear to require further argument, especially in view of former expressions of opinion in this court, having the same general tendency. *Reinders v. Koppelmann*, 68 Mo. (1878), 482; 94 Mo. (1888), 338; *In re Clements*, 78 Mo. (1883), 352.

2. Plaintiffs' next point is that the devolution of title in Missouri, in the event of intestacy, is governed by a statute of descents (Revised Statutes, 1889, ch. 51); and that the law of adoption cannot properly be construed to amend the former by implication.

We find elsewhere so direct an answer to this contention that we adopt it here for the purposes of this case. "But this section" (namely, the statute of descents) "must be understood as merely laying down general rules of inheritance, and not as completely and accurately defining how the *status* is to be created which gives the capacity to inherit. It does not undertake to prescribe who shall be considered a child or a widow or a husband, or what is necessary to constitute the legal relation of husband and wife or of parent and child. Those requisites must be sought elsewhere. The words 'children' and 'child' for instance, in the first clause, 'issue,' in the phrase, 'if he leaves no issue,' in subsequent clauses, and 'kindred' in the last two clauses of this section, clearly include a child made legitimate by the marriage of its parents, and acknowledged by the father after its birth under section 4 of the same chapter, or a child adopted under the provisions of chapter 110 of the General Statutes, or chapter 310 of the statutes of 1871." *Ross v. Ross*, 129 Mass. (1880), 266. To the same effect are decisions in the *Estate of Wardell*, 57 Cal. (1881), 484, and *Power v. Hafley*, 85 Ky. (1887), 671.

3. It is then insisted that the deed of McLean and wife attempted to adopt the child as their "heir or devisee," while the law then in force required the use of the words, "heir *and* devisee." This failure to follow the statute closely is said to be fatal, as a strict construction of the act is demanded.

It is true that in 1878, when that deed was made,

the word "and" appeared in the opening lines of the section, in the phrase, "heir and devisee" (General Statutes, 1865, sec. 1, p. 478), instead of the word "or," as at present.   This change first became the law with the revision of 1879, but it had previously been printed in Wagner's Statutes, sec. 1, p. 256.   That compilation of our laws was in general use in 1878 by the legal profession in Missouri, which probably accounts for the use of the words, "heir or devisee" in the deed before us.

It will be seen that the deed of adoption goes on further to say that the child is to enjoy "the same right as a child of our bodies," and refers to the statute of adoption as expressing "the intention of the parties."

Whether the proper construction of such legislation should be strict or liberal, it must certainly be reasonable, and fairly give effect to its intent.   The deed too must be construed similarly.   1 Rutherforth's Institutes [2 Am. Ed.] p. 433.   The purpose to adopt the minor in conformity to the law on the subject, with all the rights thereby conferred, is too plainly expressed here to warrant further remark.

4. Plaintiff's final contention is that the original name of the adopted child must appear in the deed, and that, as it does not in this instance, the adoption is void.

But the law contains no such requirement.   A child whose name and parentage are unknown may be the beneficiary of such an act of a humane benefactor. All that the law demands in this regard is that his identity shall be indicated in the deed with certainty— with certainty within the meaning of the law.

In this case that identity is unquestionable.

We find the various assignments of error untenable, and accordingly affirm the judgment.   BLACK, C. J., BRACE and MACFARLANE, JJ., concur.