## Esther Killen v. M. Edward Klebanoff, Administrator (Estate of Susan S. Sherman)

| Superior Court | New Haven County | File No. 74484 |
|---|---|---|

Memorandum filed March 8, 1951

*Jacob Belford* and *John V. O'Brien,* of New Haven, for the Plaintiff.

*Pouzzner, Hadden, Kopkind* and *Hadden,* of New Haven, for the Defendant.

KING, J. This was an appeal from a decree of the Probate Court ascertaining the heirs and distributees of Susan S. Sherman, deceased. The appellant was found not to be an heir at law at all, and from this decree appeals to this court. *Woodward's Appeal,* 81 Conn. 152, 161.

In her reasons of appeal the appellant claimed that she was given in adoption by her natural parents to Susan S. Sherman and her husband on September 4, 1918; that Mrs. Sherman survived her husband and had no other children, natural or adopted; and that consequently the appellant is Mrs. Sherman's sole heir at law and the sole distributee of her estate.

The appellees filed an answer which included, as a special defense, the claim that subsequent to the Sherman adoption the appellant was adopted by persons other than the Shermans. To this special defense the appellant has demurred on three grounds. Ground one adds nothing to grounds two and three and need not be discussed.

Under our statute (General Statutes § 6866) a number of officials and custodial agencies may give in adoption, as well as a guardian of the infant's person and its legitimate parents. The power to give in adoption is in no wise limited to the natural parents, as the appellant seems to claim in ground two of the demurrer. See, also, Rev. 1930, § 4809.

The Shermans, as adopting parents, became, inter alia, the guardians of the appellant's person. Rev. 1930, §§ 4794, 4810. As such, they could again give her in adoption subject to the approval of the Probate Court. They also had this right as persons having all the rights of legitimate parents. General Statutes § 6866(a), (d); Rev. 1930, § 4809.

Rights of inheritance of and from an adopted child are governed by the statute (General Statutes § 6869) in effect at the date of the intestate's death. *Brooks Bank & Trust Co.* v. *Rorabacher,* 118 Conn. 202, 207. Under this statute, the adopted child inherits from and through his adopting parents and any rights of inheritance from or through his natural parents are specifically cut off.

The third ground of demurrer seems to claim that the use of the term "adopting parents" in General Statutes, § 6869, includes all persons who ever occupied such a status as to a given person. There is no warrant for such a construction. Since the right of inheritance of an adopted child, as such, is purely statutory, the measure of the right is the language of the statute. *Woodward's Appeal,* supra, 164. Obviously, it would be contrary to reason to claim that the second adoption left a right of control over the child or guardianship of his person in the first adopting parents. Rev. 1930, §§ 4794, 4810; Rev. 1949, §§ 6850, 6867. It is equally contrary to reason to claim that it left a right of inheritance in or from the first adopting parents. General Statutes, § 6869. Both claims, of course, are contrary to the language of the statutes. Upon the effective date of the second adoption, the Shermans lost their status as adopting parents and all their rights and obligations growing out of that status passed to the persons described in the special defense of the answer,

who alone occupied the status of "adopting parents" on the date of the intestate's death. *Brooks Bank & Trust Co.* v. *Rorabacher, supra.*

The pleadings do not disclose the date or place of the second adoption. See *Slattery* v. *Hartford-Connecticut Trust Co.;* 115 Conn. 163, 165. However, it does appear in paragraph 6 of the application for ascertainment of heirs and distributees that the second adoption was approved on August 23, 1929, that the appellant was then about sixteen years old and that she was given in adoption to her own mother. In oral argument counsel assumed these facts to be true and with some hesitation the court has taken the case as presented by the parties, overlooking these omissions in the pleadings. *Anselmo* v. *Cox,* 135 Conn. 78, 79.

Furthermore, even disregarding the foregoing facts not appearing in the pleadings, it could not be said that the special defense would, if proved, be inefficacious as a defense to any facts provable under the allegations of the reasons of appeal. Consequently, the demurrer to the special defense cannot be sustained. *Cashman* v. *Meriden Hospital,* 117 Conn. 585, 586.

For the foregoing reasons the demurrer to the special defense of the answer must be, and is, overruled on all grounds.