**Nancy THORNBERRY et al., Appellants,**

**v.**

**Mary Jo TIMMONS, Appellee.**

Court of Appeals of Kentucky.

Feb. 25, 1966.

Rehearing Denied Oct. 7, 1966.

W. H. Dysard, Dysard, Johnson & Welch, William B. Arthur, Ashland, Joseph J. Baronzzi, Lisbon, Ohio, for appellants.

C. B. Creech, Ashland, for appellee.

CULLEN, Commissioner.

Appellee Mary Jo Timmons, whose mother died in 1948, was adopted in 1950 by a great aunt. In 1963 her maternal grandfather died intestate, leaving as his descendants several children and grandchildren in addition to Mary Jo. In this action for a declaration of rights the circuit court entered judgment declaring that Mary Jo was not barred by the adoption from inheriting a share of her grandfather's estate. The other descendants of the grandfather have appealed.

**152** ▮

The judgment herein was entered in April 1964. In December 1965 this Court handed down its opinion in Arciero v. Hager, Ky., 397 S.W.2d 50, holding in substance that under the 1956 amendment to the Kentucky adoption statutes, KRS 199.520, an adopted person, even though adopted before 1956, cannot inherit from a blood relative who dies after 1956. This holding requires that the judgment in the instant case be reversed.

The contention was made by Mary Jo in the circuit court that the adoption judgment was void. The circuit court did not pass upon that question. To expedite termination of this controversy we shall pass upon it.

▮ The contention is in part based upon evidence intended to show a lack of jurisdiction of the person in the adoption proceedings, and in part upon silence of the adoption record with respect to the taking of various procedural steps and the making of substantive determinations claimed to be jurisdictional. Under the holding in Burchell v. Hammons, Ky., 289 S.W.2d 737, the latter ground is not valid because a judgment cannot be collaterally attacked for mere failure of the record to affirmatively show the jurisdictional facts. The Burchell case further holds that in a collateral attack upon a judgment, extrinsic evidence designed to show lack of jurisdiction of the person, if admissible at all, will not be given effect unless it is of a clear and convincing nature. The evidence in the instant case, that the person who was served and who participated in the adoption proceedings as Mary Jo's father was not in fact her father, is not clear or convincing—in fact, none of Mary Jo's testimony is convincing. Accordingly the first ground of collateral attack is not sustainable.

The judgment is reversed with directions to enter judgment declaring that appellee is not entitled to inherit a share in her grandfather's estate.