Barbara PYLES and Greg
Flowers, Appellant,

v.

Danny RUSSELL; Johnny Russell; Bill
Russell; Rosalind Tuck; Alva Sue
Longwell; Betty Jo Moreland; George
Russell; Doris Robertson; and Bever-
ly Flowers, Appellees.

No. 1999–SC–0448–DG.

Supreme Court of Kentucky.

Sept. 28, 2000.

Rehearing Denied Feb. 22, 2001.

John Paul Jones, II, Monticello, for Appellants.

Norbert H. Sohm, David M. Cross, Albany, for Appellees.

WINTERSHEIMER, Justice.

This appeal is from an opinion of the Court of Appeals which affirmed an order of the circuit court which, in turn, had reversed a decision of the district court in a case involving the right of Barbara Pyles and Greg Flowers to inherit from their maternal grandmother.

■ The principal issue is whether Pyles and Flowers, adopted in Tennessee in 1972 by their paternal grandparents after their natural parents were killed in an automobile accident in Tennessee, are entitled to inherit from the estate of their biological maternal grandmother, Aleen Russell, who died intestate in Kentucky.

The questions presented are whether the Full Faith and Credit Clause mandates that the Tennessee adoption judgment be recognized in Kentucky; whether Flowers and Pyles should be allowed to inherit from their maternal grandmother in order to prevent a chilling effect on adopted children in Kentucky; whether Flowers and Pyles should inherit through their natural mother because the need to cut off all ties with the natural family does not exist in this case and whether KRS 199.520 denies Pyles and Flowers equal protection of the laws.

Aleen Russell of Clinton County, Kentucky, died intestate on September 10, 1996, survived by eight children. A ninth child, Flossie, along with her husband had died in a Tennessee automobile accident in 1971. Flossie was survived by three children, Barbara, Greg and Beverly. Barbara and Greg were adopted by the paternal grandparents and Beverly was adopted by a maternal aunt, Rosalind Tuck. Danny and Johnny Russell, as co-administrators of their mother's estate, valued at an estimated $160,000, requested the district court to determine if Barbara, Greg and Beverly were heirs to the estate of Aleen Russell, pursuant to KRS 391.035. The issue presented was whether an adopted child is a "decedant" for purposes of intestate succession under KRS 391.010(1). Unlike Kentucky, Tennessee law allows adopted children to inherit through their biological parents, if the children were adopted after the death of the parents.

The district court held that Tennessee law controlled and that Barbara, Greg and Beverly were "decedents" of their biological mother under KRS 391.010(1). The circuit court reversed this decision holding that the adopted children were not entitled to inherit from the estate of Aleen Russell. The Court of Appeals affirmed the decision of the circuit court, indicating that the question had been resolved by *Arciero v. Hager,* Ky., 397 S.W.2d 50 (1965) and that they did not consider *Hicks v. Enlow,* Ky., 764 S.W.2d 68 (1989), to overrule *Arciero, supra,* on the issue. This Court accepted discretionary review.

### I. Full Faith and Credit

■ The attempt by Pyles and Flowers to apply the Full Faith and Credit Clause of the United States Constitution to this situation is inappropriate. There is no question that full faith and credit shall be given in each state to the judicial proceedings of every other state. *Cf.* Article IV, § 1, U.S. Const. However, they must fail

when they seek to extend the valuable principle of full faith and credit beyond a foreign judgment or judicial proceeding, including a judgment of adoption so as to include the statutes of Descent and Distribution of a foreign state which are in conflict with similar statutes in Kentucky. The right of inheritance is based on the law of the state in which the property is situated, if real property, or the domicile of the decedent, if personal. *Gaskins v. Gaskins,* 311 Ky. 59, 223 S.W.2d 374 (1949); KRS 395.260. Here, the property and the domicile of the decedent are both located in Kentucky, thus Kentucky law applies.

Even Tennessee resolves the same conflict of laws question in *Delamotte v. Stout,* 207 Tenn. 406, 340 S.W.2d 894 (1960) when it stated:

> The law of the place where the property is situated or the law of the decedent's domicile controls the fact of the right of inheritance when in conflict with the law creating the status.

■ No state is required to adopt the statutes of another state which are in conflict with their own in the absence of a statute of that forum requiring them to do so. *Cf.* 16B Am.Jur.2d *Constitutional Law* § 982 (1998).

■ Whether an adopted child can inherit an interest in land upon intestacy is determined by the law that would be applied by the courts of the situs, and those courts usually apply their own local law in determining the question. *Cf.* Restatement (Second), *Conflict of Laws* § 238(1) (1969).

It has been frequently stated that the right of inheritance of adopted children flows from the status of adoption governed by the law of the forum state and not by the law of the state of adoption. *Cf.* 2 C.J.S. *Adoption of Persons* § 154 (1972).

The applicable Kentucky statute relating to the consequences of adoption and inheritance is KRS 199.520(2) which states as follows:

> Upon entry of the judgment of adoption from and after the date of the filing of the petition, the child shall be deemed the child of petitioners and shall be considered for purposes of inheritance and succession and for all other legal considerations, the natural child of the parents adopting it the same as if born of their bodies. Upon granting an adoption, all legal relationship between the adopted child and the biological parents shall be terminated except the relationship of a biological parent who is the spouse of an adoptive parent.

With all due respect to the district court, we must conclude that the proper analysis of the relationship between *Hicks, supra* and *Arciero* is the view taken by the circuit court and the Court of Appeals. Although *Hicks* overruled *Arciero* as to grandparent visitation, the question of which state law would apply in determining the inheritance status of an adopted child was not before the *Hicks* court, and consequently, never ruled upon by the Court. *Hicks* was a compilation of three separate cases heard together because of a common question of law involving reasonable visitation by grandparents pursuant to KRS 405.021 in legal adoption and involuntary termination situations. There is language in *Hicks* which could easily mislead an unwary reader, such as, "Of course, when *Arciero* was written, there was no grandparents' rights statute on the books to be considered in weighing the meaning of the exception clause."

The three actions comprising the *Hicks* case are distinguishable from this action because of particular facts. As correctly stated in *Arciero,* the rights of inheritance of an adopted child are generally governed by the law of the state in which the property is situated, if real property or the domicile of the decedent, if personal. *Arciero* properly cited to 2 Am.Jur.2d *Adoption* § 114 and 115 for the following:

> The fact that an adopted child can inherit under the law of the state of his adoption will not enable the child to

**368**

inherit property in another state under the laws of which a child, if adopted in that state, cannot inherit or can inherit only to a limited extent.

The authorities cited by Pyles and Flowers are unconvincing. As stated earlier, *Hicks* relates to visitation rights of grandparents. *Dotson v. Rowe*, Ky.App., 957 S.W.2d 269 (1997), and *Posey v. Powell*, Ky.App., 965 S.W.2d 836 (1998), involved the expansion of the rights of grandparents in regard to visitation and custody and do not apply to this situation and are otherwise not binding on this Court. *King v. King*, Ky., 828 S.W.2d 630 (1992) greatly broadened the right of grandparent visitation but does not apply to the inheritance question presented here. *Slattery v. Hartford–Connecticut Trust Co.*, 115 Conn. 163, 161 A. 79 (1932), is unpersuasive and distinguishable from this case.

## II. No Chilling Effect

Flowers and Pyles argue that they should be allowed to inherit from their maternal grandmother in order to prevent a chilling effect upon adopted children in Kentucky. As stated earlier, this case applies the law of inheritance that has long been established. We must observe that we do not believe that adoption should be based on financial considerations which may be involved in inheritance.

## III. Creation of New Family Concept

[6] Pyles and Flowers argue that a public policy of creating a new family by cutting all ties with the natural family does not exist in this matter. They cite a number of cases from other jurisdictions based on the statutes of those states. Certainly it is within the prerogative of any state legislative body to establish laws relating to inheritance as well as adoption. Such laws come from the enactment of a legislative body and not from a decision of a court. The enunciation of public policy is the domain of the General Assembly. We do not propose to invade its jurisdiction in any respect. The courts interpret the law. They do not enact legislation. *Schork v.*

*Huber, M.D.*, Ky., 648 S.W.2d 861 (1983); *Wilson v. Kentucky Transp. Cabinet*, Ky., 884 S.W.2d 641 (1994). We are unpersuaded by the foreign authorities cited by Pyles and Flowers.

## IV. Equal Protection

KRS 199.520 does not deny Pyles or Flowers equal protection of the laws under the federal or state constitutions. Individuals in Kentucky have one line of inheritance and it is not the obligation of this Court to ensure that such inheritance is of equal value. Adopted persons in this State deserve equal protection of the law when our judicial system is asked to apply the laws of inheritance statutes. It is a simple proposition. An apparent harsh result or sympathy for the parties involved have no place in the application of clear and unambiguous laws of inheritance. The law of inheritance should be well known and must be applied in an equal and consistent manner to all. The foreign and domestic citations by Pyles and Flowers are unconvincing and without merit.

The decision of the Court of Appeals is affirmed.

All concur.