Debbie **SLUDER**, Administratrix of the Estate of Danny Ray Tungate, Deceased, Appellant,

v.

Carolyn **MARPLE**, Appellee.

No. 2002–CA–000680–MR.

Court of Appeals of Kentucky.

May 30, 2003.

Discretionary Review Denied by Supreme Court June 9, 2004.

Rodger G. Cox, Cox & Hall, Campbellsville, KY, for appellant.

John C. Miller, Miller, Miller & Miller, PLC, Campbellsville, KY, for appellee.

Before DYCHE, HUDDLESTON and KNOPF, Judges.

## OPINION

HUDDLESTON, Judge.

Following the death of Danny Ray Tungate in July 2000, Debbie Sluder was appointed administratrix of his estate in May 2001. Sluder is also the adoptive parent of John Austin Sluder, the biological child of Danny Tungate.

Debbie Sluder filed a wrongful death action on behalf of John Sluder against the appellee, Carolyn Marple. The suit alleged that Danny Tungate died at Marple's residence as the result of a beating Tungate suffered at the hands of another person, and that Marple aided and abetted the beating and/or was negligent in not getting treatment for Tungate, thereby causing his death. The circuit court granted summary judgment for Marple, prompting this appeal.

In granting summary judgment, the court's reasoning was that because John Sluder had been adopted he is not entitled to recover from the estate of Danny Tungate under Kentucky Revised Statutes (KRS) 199.520(2), and thus no wrongful death action may be maintained on his behalf. The parties have not cited us to, nor has our research revealed, a published Kentucky case which directly addresses the question of whether an adopted child may pursue a wrongful death action following the death of a biological parent. However, we are not without guidance.

An action for wrongful death is statutorily governed. Such an action

is brought under KRS 411.130, which gives a cause of action to a personal representative for the sole benefit of named beneficiaries. The recovery in an action for wrongful death is not for the benefit of the estate but for the next of kin[.] . . . The statutory authority of the administrator, where the decedent leaves any of the kindred named in the statute, is to sue for the benefit of the next of kin. The administrator is merely a nominal plaintiff. The real parties in interest are the beneficiaries whom he represents.[1]

Therefore, we must determine whether John Sluder is a beneficiary of Danny Tungate in order to answer whether a wrongful death action may be pursued on his behalf.

Under KRS 199.520(2), "[u]pon granting an adoption, all legal relationship between the adopted child and the biological parents shall be terminated except the relationship of a biological parent who is the spouse of an adoptive parent." While the Sluders argue that this language does not foreclose inheritance under the facts of this case, a review of Kentucky law demonstrates otherwise.

Indeed, it is well established that in Kentucky, adopted children may not inherit from their biological parents, even in an instance where biological grandparents become the children's adoptive parents.[2] Put simply, an adopted person cannot inherit from a blood relative.[3] It is,

---

1. *Vaughn's Adm'r v. Louisville & N.R. Co.*, 297 Ky. 309, 179 S.W.2d 441, 445 (1944). *See also Wheeler v. Hartford Accident & Indemnity Co.*, Ky., 560 S.W.2d 816 (1978), and *Totten v. Parker*, Ky., 428 S.W.2d 231 (1967).

2. *Pyles v. Russell*, Ky., 36 S.W.3d 365 (2000). The Sluders attempt to distinguish this result

by reference to an amendment to KRS 199.520. However, *Pyles* was decided under the current version of the statute, so it is indistinguishable from the present case.

3. *Thornberry v. Timmons*, Ky., 406 S.W.2d 151, 152 (1966).

therefore, axiomatic that a wrongful death action may not be maintained by an adopted child following the death of his or her biological parent because that adopted child is no longer "the kindred of the deceased" as contemplated by KRS 411.130(2).

Adoption law in Kentucky envisions a "complete breaking off of old ties."[4] Indeed, Kentucky's highest court has said that such a result is demanded by public policy.[5] "The enunciation of public policy is the domain of the General Assembly,"[6] and any change in the policy of the Commonwealth regarding the consequences of adoption on inheritance must originate with the legislature, not this Court.

The judgment is affirmed.

KNOPF, Judge, concurs.

DYCHE, Judge, concurs in result.

---

**4.** *Arciero v. Hager*, Ky., 397 S.W.2d 50, 53 (1965).

**5.** *Id., citing Jouett v. Rhorer*, Ky., 339 S.W.2d 865 (1960).

**6.** *Pyles, supra*, n. 2, at 368.