# Helms, Adm'r, *v.* Elliott.

## (*Nashville.* December 16, 1890.)

1. DESCENT AND DISTRIBUTION. *Next of kin. Adopted child.*

An adopted child, though declared next of kin to the adopting parent by special statutory provision, is not thereby placed in such situation with reference to his brothers and sisters—children of the blood of such parent—as to become, in any event, their next of kin within the meaning of the common canons of descent and distribution as prescribed by our statutes. Next of kin signifies nearest in blood. The tie of blood is wanting between the adopted child and his brothers and sisters of the blood of the adopting parent.

Code construed: §§ 3278, 4388, 4389, 4390 (M. & V.); §§ 2429, 3643, 3644, 3645 (T. & S.).

Case cited and distinguished: McKamie *v.* Baskerville, 86 Tenn., 459.

2. SAME. *Case in judgment.*

C. died intestate, leaving an adopted child and two children of his own blood. His estate was inherited equally by the three children. Afterward one of the children of C.'s blood died intestate, and without issue or parents. The adopted child claimed one-half of this decedent's estate, consisting of personalty.

*Held:* The adopted child is not next of kin, and takes no part of the estate.

---

FROM DAVIDSON.

---

Appeal from Chancery Court of Davidson County. ANDREW ALLISON, Ch.

Helms, Adm'r, v. Elliott.

JAMES S. PILCHER for Elliott and Wife.

C. D. BERRY and A. N. GRESHAM for Anderson Lewis' Heirs.

CALDWELL, J.  In 1856 Louie Lewis, by proper proceeding in the County Court of Davidson County, adopted Anderson Cheatham as his child, and had his name changed to Anderson Lewis. Louie Lewis died in 1863, leaving one daughter (Sallie Carter), a grandson (Lewis Jones, the only child of a deceased daughter), and Anderson Lewis, the adopted son, as his only heirs at law.

In 1873 the grandson, Lewis Jones, died intestate, without child, brother, or sister, or descendants of either; without wife, father, or mother, and owning certain personal property. When he died his aunt, Sallie Carter, and his adopted uncle, Anderson Lewis, were living.

The question for our determination is: Are these two persons entitled to participate equally in the distribution of Lewis Jones' estate, or does his aunt take it to the exclusion of his adopted uncle?

No such thing as *adoption* was known to the common law. It is purely a creature of statute. Louie Lewis adopted Anderson Cheatham under the Act of 1851–52, Chapter 338, Section 2, which is as follows:

" That the County or Circuit Courts shall have concurrent jurisdiction and power to authorize and

empower any person or persons to adopt any child or children as their own upon application by petition or motion; and the adoption and the names of the parties, and the terms of the adoption, shall be entered upon the records of the Court, and the Court shall have discretion to refuse the prayer of the petition. Such act shall confer upon such child or children the rights of a child or children, as if they were born the child or children of such parent, and capable of inheriting or succeeding to the personal or real estate of the parent as heir or next of kin, but shall confer no rights upon the person making the adoption to inherit or succeed to the personal or real estate of the child adopted, nor give him any right or interest in the estate of such child."

The substance of this section was carried into the Code (T. & S.) at §§ 3643, 3644, and 3645. As between the adopting parent and the adopted child the statute declares, in the plainest terms, that the adopted child shall, by the act of adoption, acquire all the rights of a child born to such parent. The adopted child becomes entitled to the same protection and support as if born the child of the adopting parent, and is given the capacity of inheriting or succeeding to the estate of the adopting parent as heir or next of kin. The adopting parent assumes the same parental obligations to the adopted child as if such child were born to such parent, and the adopted child is clothed with the same rights in the estate of

the adopting parent as an heir or next of kin. This is the full measure of the benefits conferred upon the adopted child. No claims are given upon any one except the adopting parent; no property rights are conferred except in the estate of such parent.

It is contended that the legal *status* of the adopted child is the same as that of the child born in lawful wedlock, and that, as a consequence, the same rights of heir and next of kin exist in the one case as in the other—not only as to the parent, but as to all other persons. This position is sound in part only. So far as the parental obligations and the estate of the adopting parent are concerned, it is well taken, but beyond that it is not tenable. As to the estates of other persons than the adopting parent, the law of adoption fixes no right in the adopted child. It is only as to the adopting parent that the adopted child is made "heir or next of kin" by the statute. By the adoption Anderson Lewis, the adopted son, became vested with all the rights of heir and next of kin of Louie Lewis, the adopting father; but he was not thereby made the heir and next of kin of the children born to Louie Lewis. As to them he occupied the same relation in law *after* the adoption as *before*—that of a stranger in blood. The relation between Louie Lewis and Anderson Lewis was purely personal. It was limited and qualified. It was not a relation of blood, and, except as to the adopting parent, it created none

of the rights which, by the general law, depend upon blood relationship.

When Louie Lewis died his estate was equally divided among his daughter, his grandson, and his adopted son. Years thereafter the grandson,. Lewis Jones, died intestate, owning a personal estate, which is the subject-matter of this litigation.

After the payment of debts and charges, the personal estate of all persons dying, as he did, intestate and without widow or children, or descendants of children; without father or mother,. and without brother or sister, or child of either, is, by the statute of distribution, distributable "to every of the next of kin of the intestate who are in equal degree, equally." Code, § 2429.

The statute of distribution, and not the statute of adoption, controls this case; and unless the adoption made Anderson Lewis the *next of kin* of Lewis Jones, the decedent, he can have no share in the latter's estate, for it goes to his "next of kin," and to them only, by the express terms of the statute. The strict legal meaning of the phrase, "next of kin," is next or nearest in blood. In ascertaining who the next of kin is, the law follows the line of consanguinity. Such is the general rule of the common law. It is the same in this State under our general statute of distribution. It is so in every case, unless there be an express statutory exception. In the law of adoption, such an exception is made; but, as we have already seen, it applies alone to the estate

Helms, Adm'r, v. Elliott.

of the adopting parent. The law of adoption arbitrarily establishes for the adopted child the relation of heir and next of kin to the adopting parent; but it does not establish such a relation to the descendants of the adopting parent. As to them and their estates, the adopted child stands in no other relation than that existing before the act of adoption. The adopted child becomes a beneficiary in the estate of the adopting parent by virtue of a particular provision of law, which has no application to the estate of any other person. The estates of other persons are unaffected by that particular provision, and are left to be administered under the general laws of the State.

That the phrase, "next of kin," in the statute of distribution, is there used in its strict legal sense, and means *next in blood*, is manifest from the context, and from the provision that the distribution shall be made among persons "who are in equal degree equally." The words, "who are in equal degree," signify those persons who stand in the same nearness of blood relationship to the intestate.

Then it is clear that Anderson Lewis, the adopted uncle, was not next of kin to Lewis Jones, and that Sallie Carter, the sister of his mother, was his next of kin, and as such entitled to his estate as sole distributee.

Since the death of Lewis Jones, Anderson Lewis has died intestate, leaving several children, and Sallie Carter has also died intestate, leaving one

child and no husband.   That child, Georgia Elliott, takes in right of her mother.

We cannot agree that either the *reasoning* or the decision in *McKamie* v. *Baskerville*, 2 Pickle, 459, justifies a conclusion contrary to that arrived at in this case.

In construing the statute of legitimation, which is different in its object and in its language from the statute of adoption, the Court held, in that case, that legitimated children had all the rights of children born in lawful wedlock, and were capable of taking the estate of their father's brother as heirs and distributees.   The case was well decided, on the ground that the bastard has the blood of his parents, and that the act of legitimation removes the taint of illegitimacy and gives the child the same legal *status*, in all respects, as if born in lawful wedlock.   The event of legitimation makes the legitimated person, to all intents and purposes, the lawful child of the legitimating parents.   Such is not the effect of adoption.

Affirmed.