FRANK FEY *v.* MRS. DORA CATO *et al.*

(*Nashville,* December Term, 1954.)

Opinion filed March 11, 1955.

KARL BISHOP and E. T. HOLLINS, JR., both of Nashville, for complainant in error.

LOUIS LA VECCHIA and H. FRANK TAYLOR, both of Nashville, for defendants in error.

MR. JUSTICE PREWITT delivered the opinion of the Court.

The bill was filed by complainant below Frank Fey seeking a partition of certain real estate and a distributive share in the personal estate of Mrs. Sally Setters, deceased, who died in Davidson County in 1953.

The complainant based his right to a one-third interest in both real and personal property upon the ground that he was the legally adopted child of Mrs. Willie Setters Fey, who was a daughter of the said Mrs. Sally Setters. The bill stated that Mrs. Willie Setters Fey died in the year 1950, pre-deceasing her mother and leaving complainant as her only heir at law.

The defendants, who were the surviving grandson and daughter of the said Mrs. Sally Setters filed a demurrer claiming that under the laws of Tennessee the complainant was incapable of inheriting from the estate of the mother of his adopting mother, and that complainant had no right or interest in the estate.

This demurrer was sustained by the Chancellor and the suit dismissed, the lower court citing as authority *Taylor* v. *Taylor,* 162 Tenn. 482, 40 S. W. (2d) 393.

The issue presented in this cause is:

Under Tennessee law, where an adopted child's adopting parent predeceases the adopting parent's mother, does the adopted child have any interest, by right of inheritance or succession, in any of the property, real, personal, or mixed, that the intestate, the adopting parent's mother, died seized and possessed of?

Under our statute Code Section 9570 (5411) (3645)

"Effect.—The effect of such adoption, unless especially limited by the judgment or decree, is to confer upon the person adopted, all the privileges of a

legitimate child of the applicant, with capacity to inherit and succeed to the real and personal estate of such applicant, as heir and next of kin; but it gives to the person seeking the adoption no reciprocal rights of inheritance and succession, nor any interest whatever in the estate of the person adopted.''

It would thus be seen that the adopted child does not take under the statutes of descent and distribution, but only by virtue of statutory enactment, which confers upon him the privilege of inheriting from those adopting him. The very words of the statute are restricted. Under the terms of the statute the adopting decree could *restrain,* to use the word in the adopting statute, but could not enlarge the privileges.

The complainant relies on the case of *Craft* v. *Blass,* 1928, 8 Tenn. App. 498, but that case involves a lapsed legacy and has been distinguished from the case here. That Court said in 8 Tenn. App. at page 507:

''*Helms* v. *Elliott,* 89 Tenn. 446 [14 S.W. 930, 10 L.R.A. 535], is cited for appellants, but that case merely holds that the adopted child does not share with a natural child in the estate of a natural grandson of the adoptive parent. This distinction runs through all the cases, that while the adopted child becomes in legal effect the issue of the adopting parent, he does not become a blood relative of all the kin of the adopting parent. In other words, one adopts a child for himself not for anybody else.''

*Helms* v. *Elliott,* supra, was cited with approval in *Taylor* v. *Taylor,* 162 Tenn. 482, 40 S. W. (2d) 393, in which this court held that under the statutes of descent and distribution and the laws relating to adoption in Tennessee, an adopted child does not inherit from the collateral relatives of its adoptive parent.

It might be observed that under the above quoted Code Section 5411 it is provided that the person seeking the adoption has no reciprocal rights of inheritance and succession, nor any interest whatever in the estate of the person adopted.

So we have a situation here where the adopted person seeks to inherit property from a person other than the adopting parent, who was no party to the adoption proceeding, and yet in case of death of the adopted child the grandmother or collateral heirs to the adopting parent could not inherit from the adopted person.

We are content with our holding in *Taylor* v. *Taylor,* supra, which follows in principle a long line of holdings in this State, and the results reached in *Taylor* v. *Taylor,* supra, should not be disturbed.

It results that the assignments of error are overruled, and the decree of the Chancellor is affirmed.