JEANNE CANNON DELAMOTTE

*v.*

ANNIE MORTON STOUT, Admr'x.

(*Nashville,* December Term, 1959.)

Opinion filed October 7, 1960.

CHANDLER, MANIRE & CHANDLER, Memphis, for appellant.

APPERSON, CRUMP & DUZANE and ANNIE MORTON STOUT, Memphis, for appellees.

MR. CHIEF JUSTICE PREWITT delivered the opinion of the Court.

The question for decision before this Court is whether a child adopted under the Missouri adoption statute, V.A. M.S. sec. 453.010 et seq., which creates for the adopted child the same legal status as that of a natural child of the adopting parent with the right to inherit real and personal property from a brother or sister of the adopting parent, is entitled to inherit real and personal prop-

erty in Tennessee from a deceased sister of the adopting parent.

The adopted child of a deceased brother of the deceased, Katie C. Reid, filed this bill seeking to recover the entire estate to the exclusion of the first cousins of the deceased. The Chancellor sustained a demurrer to the bill and this appeal resulted.

The right of adoption is not a natural right. It contravenes common right, was unknown to the common law and originated with the statute. Hence, it is well settled that our adoption statutes are in derogation of the common law and are, therefore, to be strictly construed.

As against the adopted child the statute must be strictly construed because it is in derogation of the general law of inheritance, which general law of inheritance is founded on natural relationships, is a rule of succession according to nature, and has prevailed from time immemorial. *Magevney v. Karsch,* 167 Tenn. 32, 65 S.W. 2d 562, 92 A.L.R. 343; *Baskette v. Streight,* 106 Tenn. 549, 62 S.W. 142; *In re Knott,* 138 Tenn. 349, 197 S.W. 1097; *Taylor v. Taylor,* 162 Tenn. 482, 40 S.W.2d 393; *Fey v. Cato,* 197 Tenn. 583, 276 S.W.2d 734.

The present Tennessee adoption statute clearly sets forth the effect of adoption in Section 36-126, T.C.A., as follows:

"The final order forthwith shall establish the relationship of parent and child between the petitioners and the child as if such child had been born to them in lawful wedlock, and from the date of the signing of the final order of adoption, the child shall be entitled

to inherit real and personal property from the adoptive parents, and from other adopted children within the adoptive family, or from natural born children within the adoptive family in accordance with the statutes of descent and distribution, and such adopted children or natural born children to the adoptive parents shall inherit from him, but only property of the child acquired after his adoption. Also the adoptive parents shall be entitled to inherit from the adopted child both real and personal property acquired from relatives of the adoptive parents. It is the intent of this chapter to preclude all heirs of the adoptive child except those within the adoptive family, lineal descendants, or spouse, from sharing in any part of the estate of the adoptive parents or the estate of relatives of the adoptive parents.''

In *Taylor v. Taylor,* supra, the facts were very similar to the instant case. An adopted daughter of a deceased sister of the testator, Len Taylor, was claiming the right by virtue of her adoption to participate in the contest of the will of Len Taylor, deceased, as an heir of Len Taylor. The Court denied the adopted daughter the right to contest the will, reviewed the law on the subject, especially *Helms v. Elliott,* 89 Tenn. 446, 14 S.W. 930, 10 L.R.A. 535, and held that by adoption, one ''only acquires such legal status as enables him to succeed to the real and personal estate of the adopting parent, and beyond this give him no inheritable right. He cannot inherit from the father's next of kin, nor can the father or his next of kin inherit from such child.'' See *Fey v. Cato,* 197 Tenn. 583, 276 S.W.2d 734.

■ The law of the place where the property is situated or the law of decedent's domicile controls the fact of the right of inheritance when in conflict with the law creating the status. *Finley v. Brown,* 122 Tenn. 316, 123 S.W. 359, 25 L.R.A.,N.S., 1285; *Cole v. Taylor,* 132 Tenn. 92, 177 S.W. 61.

In *Cole v. Taylor,* supra, 132 Tenn. at page 108, 177 S.W. at page 65, the Court said:

"Tennessee has seen proper not to grant the right of collateral inheritance to such people, had their parents lived together as husband and wife in this state. *It cannot be expected that the courts out of mere comity shall grant to citizens coming from other states a right which this state does not grant its own citizens.*" See *Smith v. Mitchell,* 185 Tenn. 57, 202 S.W.2d 979.

■ ■ Our Court throughout has maintained the doctrine that one may not go into a foreign state and create an heir to a deceased Tennessee resident.

It results that the decree of the Chancellor is affirmed.