**John W. BRAY o/b/o Raymond E. Bray**
v.
**John W. GARDNER, Secretary of Health, Education and Welfare.**

Civ. A. No. 5803.

United States District Court
E. D. Tennessee, N. D.

March 20, 1967.

John B. Rayson, D. M. Leake, Knoxville, Tenn., for plaintiff.

J. H. Reddy, U. S. Atty., Chattanooga, Tenn., for defendant.

## MEMORANDUM

ROBERT L. TAYLOR, Chief Judge.

On March 10, 1966, claimant, John W. Bray, filed his application for child's insurance benefits for his adopted child, Raymond R. Bray. Under "Remarks" in his application claimant stated:

"Raymond E. Bray has been living with us since 2/66 (sic).* He is completely dependent on us and we have taken care of him since that time."

* This date undoubtedly should be 2/60.

In a previous application filed September 7, 1965, claimant had stated under "Remarks":

"This child has lived with me since he was 8 mos. old. I have fully supported him since them."

Raymond Bray was the child of claimant's step-daughter, Cynthia Phillips, and was born on June 20, 1959. The application was denied April 28, 1966 on the ground, "Raymond was not adopted within 24 months of the time you became entitled to Disability Insurance Benefits." On the request for reconsideration, claimant stated:

"Raymond E. Bray has lived with me and I have supported him since 1960. He is my wife's grandson, and we adopted him in 1965. However, I have always supported him. He has always been my dependent and I insist that the case be reconsidered. I filed my adoption papers in 1965, but the adoption decree was not final until 1966. I have already submitted the adoption decree to the Social Security Adm. Since has has always lived with me and been supported by me, I feel that he is due benefits on my record. I also believe my wife should receive benefits if my adopted son's claim is allowed as she will have a minor child in her care."

The final decree of adoption was placed of record on January 17, 1966 based on a petition filed July 7, 1965. It is not questioned that the child was born on June 20, 1959 and had lived with claimant and his wife (the child's step grandfather and grandmother, respectively) since February, 1960. It is not questioned that claimant and his wife were the child's main support since February, 1960. Nor is it questioned that claimant was awarded disability insurance benefits of $82.00 per month with the month of entitlement as June, 1962.

The sole question is a legal one whether, within the meaning of the statute, the child was adopted within 24 months of the date claimant was on June, 1962 entitled to insurance benefits.

Material portions of the Social Security Act prior to the 1965 Amendment are as follows:

42 U.S.C. Sec. 402(d)

"(d) (1) Every child (as defined in section 416(e) of this title) of an individual entitled to * * * disability insurance benefits, * * * if such child—

"(A) has filed application for child's insurance benefits,

"(B) at the time such application was filed was unmarried and * * (i) had not attained the age of eighteen * * * and

"(C) was dependent upon such individual—(i) if such individual is living, at the time such application was filed,

\* \* \* \* \* \*

(iii) if such individual had a period of disability which continued until he became entitled to old-age or disability insurance benefits,

\* \* \*

shall be entitled to a child's insurance benefit for each month; . * . * *. In the case of an individual entitled to disability insurance benefits, the provisions of clause (i) of subparagraph (C) of this paragraph shall not apply. to a child of such individual unless he (A) is the natural child or stepchild of such individual (including such a child who was legally adopted by such individual) or (B) was legally adopted by such individual before the end of the twenty-four month period beginning with the month after the month in which such individual most recently became entitled to disability insurance benefits, but only if (i) proceedings for such adoption of the child had been instituted by such individual in or before the month in which began the period of disability of such individual which still exists at the time of such adoption or (ii) such adopted child was living with such individual in such month."

42 U.S.C. Sec. 416(e)

"(e) The term 'child' means (1) the child or legally adopted child of an individual, * * *."

Material portions of the Social Security Act after the 1965 Amendments are as follows:

42 U.S.C. Sec. 402(d) (9):

"(9) In the case of—

"(A) an individual entitled to disability insurance benefits, * * *

\* \* \* \* \* \*

a child of such individual adopted after such individual became entitled to such disability insurance benefits shall be deemed not to meet the requirements of clause (i) * * * of this subsection unless such child—

"(C) is the natural child or stepchild of such individual (including such a child who was legally adopted by such individual), or

"(D) was legally adopted by such individual before the end of the 24-month period beginning with the month after the month in which such individual most recently became entitled to disability insurance benefits, but only if—

(i) proceedings for such adoption of the child had been instituted by such individual in or before the month in which began the period of disability of such individual which still exists at the time of such adoption * * * or

(ii) such adopted child was living with such individual in such month."

The Hearing Examiner reasoned that since the child was since February, 1960 "for all intents and purposes the adopted child of the wage earner except for the actual formality of an adoption months before the wage earner became disabled or before [even] he filed his application to establish a period of disability."

" * * * under section 202(d) of the Social Security Act as amended by Public Law 89–97 on July 30, 1965, by subparagraph (9) (A) (B) clause (ii) all the factors of entitlement have been met as such adopted child was living with the claimant and dependent upon him for support in the month in which claimant most recently became entitled to disability insurance benefits."

He decided that, under the provisions of sec. 202(d) (9) (A) and (B) (ii) [Examiner was obviously referring to (D) (ii) since there was no (B) (ii) under the 1965 Act.] of the Social Security Act as amended in 1965, claimant was entitled to child's insurance benefits on behalf of the minor child, Raymond E. Bray, based on both applications filed for such benefits, namely, that of September 7, 1965 as well as that of March 10, 1966.

The Appeals Council on October 31, 1966 "reversed" the Trial Examiner. It stated:

" * * * In this case, Raymond did not acquire status as a child of the wage earner until his final adoption on January 17, 1966. Therefore, he was not a 'child' of the wage earner either at the beginning of the period of disability, August 31, 1961, or at the time he wage earner first became entitled to benefits, June 10, 1963. Consequently, Raymond is precluded from using these points in time to establish his dependency, even though he met the dependency requirements. Moreover, although Raymond was a 'child' of the wage earner and dependent upon him on March 10, 1966, when Raymond's application was filed, he cannot establish dependency on this date because his legal adoption did not occur within 24 months after June 10, 1963, the date that the adopting parent became entitled to disability insurance benefits. Thus, since Raymond was not a child of and dependent upon the wage earner at any of the prescribed times, he was not entitled to child's insurance benefits."

The Appeals Council rejected the Trial Examiner's interpretation that the amendment of 1965 had liberalized the provisions of the Act, concluding:

" * * * The requirement of adoption within the 24-month period

reflected in section 202(d) (9) (D) is clearly a prerequisite for the use of clause (i) or (iii) of paragraph (i) [1] (C) and is clearly not affected by the further limitations imposed by clauses (i) and (ii) of paragraph (D).''

The case is before this Court on appeal from the decision of the Appeals Council dated October 31, 1966.

In this case the child, Raymond E. Bray, was born June 20, 1959; has lived with claimant and his wife continuously since February, 1960 and was supported by claimant thereafter. The child's parents were divorced in 1961. Almost from the outset, complainant sought to adopt Raymond as his own, but Raymond's mother (claimant's step-daughter) demurred. In April, 1966 she executed an affidavit that she had consented to the adoption and that he was adopted in January, 1966. The adoption proceedings were filed June 7, 1965 but were not consummated until the Court's decree in January, 1966.

As noted, claimant was awarded disability benefits for himself as of June, 1962, and he has continued disabled since that date.

Our question is whether Raymond Bray was "legally adopted" before "the end of the twenty-four month period beginning with the month after the month in which 'claimant' most recently became entitled to disability insurance benefits * * *'' Claimant became entitled June, 1962. The month thereafter was July, 1962. Twenty-four months thereafter would have expired June 30, 1964. Was Raymond "legally adopted" prior to that date? We think he was not.

In Delamotte v. Stout, 207 Tenn. 406, 408, 340 S.W.2d 894, the Supreme Court of Tennessee held that the right of adoption is not a natural right, but originates in statute, and that it is well settled that adoption statutes, being in derogation of common law must be strictly construed. To the same effect are Bank of Maryville v. Topping, 393 S.W.2d 280 (St.Ct. of Tenn.); In Re Clements' Petition, 201 Tenn. 98, 296 S.W.2d 875; Couch v. Couch, 35 Tenn. App. 464, 476, 248 S.W.2d 327.

The Court is sensitive to the argument that the Social Security Act should be liberally construed. It is disturbed by the hardship which will ensue if the child's insurance benefits are disallowed. The Court is also aware that Raymond went to live with his grandparents and was supported by them prior to and during the twenty-four month period. On the other hand, the Court cannot legislate; nor can it construe a statute which is clear.

Claimant in its brief relies on the cases of Davis v. Celebrezze, 239 F.Supp. 608 (D.C.W.Va.) and of Rader v. Celebrezze, 253 F.Supp. 325 (D.C.Ky.), each of which applied the doctrine of "equitable adoption" and allowed recovery.

In the *Davis* case, the adoption was not effected until 45 days after the expiration of the twenty-four month period. The Secretary decided that the wage earner had not complied with 42 U.S.C. Sec. 402(d) (1), and the Court agreed. However, the Secretary went further and applied subsection 416(e) and 416(h) (2) (A) of the Act, on the ground that though it did not qualify as a "legally adopted" child, it might qualify under Sec. 416 under the concept of "equitable adoption." The Secretary found no decisional law in West Virginia clearly defining the inheritance rights of an "equitably adopted child." He did find that the West Virginia Code had an adoption procedure, but he found no cases in West Virginia stating that the Code must be complied with for adoption and no cases ruling that under certain conditions the Code need not be literally followed. The Secretary then, compatibly with what he conceived to be his duty to administer the social legislation in the broad framework of its humanitarian aim conceded that when warranted by the facts the doctrine of "equitable adoption" would be applied by the courts of West Virginia and the District Court agreed.

It does not seem necessary to go further into the facts of the *Davis* case which were construed to give rise to "equitable adoption" since the Courts of Tennessee have expressly held that there is no adoption by estoppel in Tennessee. Bank of Maryville v. Topping, supra. It is also held in Tennessee that, in the absence of statute, the doctrine of estoppel is available to protect a right; never to create one. Couch v. Couch, 35 Tenn.App. 464, 248 S.W.2d 327, which points out that an adoptive relationship cannot be created by private contract or by estoppel. See also Young v. Young, 48 Tenn.App. 645, 349 S.W.2d 545.

We conclude that, regardless of the state of the law in West Virginia and Kentucky, in Tennessee there is no doctrine allowing "equitable adoption" and that claimant's petition must fail since the adoption here was not consummated within the 24-month limitation imposed by the Social Security Act. In view of what we have just said it is unnecessary to consider the case of Rader v. Celebrezze, supra, cited by claimant.

The motion of the Government for a summary judgment is granted.