IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
July 14, 2020 Session

**IN RE TREYLYNN T. ET AL.**

**Appeal from the Circuit Court for Henderson County**
**No. 19028-1  Roy B. Morgan, Jr., Judge**

_____

**No. W2019-01585-COA-R3-JV**

_____

J. STEVEN STAFFORD, P.J., W.S., dissenting.

In this case, the trial court ruled, and the majority affirms, that Mother's conviction for child endangerment is preclusive evidence that she committed severe abuse in this dependency and neglect action. Because I believe that the majority opinion fails to consider the effect of the diversion that Mother received, I must respectfully dissent.

First, a brief overview of the procedural history surrounding this case is helpful. On July 17, 2018, Mother entered an *Alford* plea[1] to the charge of child endangerment. Mother was placed on diversion for eleven months and twenty-nine days. Following a January 23, 2019 hearing, the juvenile court found the children dependent and neglected due to severe abuse by Mother by order of March 19, 2019. Mother appealed the decision to circuit court. A de novo hearing was held on August 19, 2019, more than a year following Mother's placement on diversion. At trial, Mother's plea form was entered into evidence. Mother testified, however, that she had successfully completed diversion and that her charge was dismissed and her record was expunged. No order of expunction was entered as an exhibit.

Following the proof, the trial court found that

> [S]he did get diversion, and that was approved by the Court, and I take it the proper order has been signed and she's completed all that based on her testimony. And I point out that, too, although this is evidence against her today, as I make my ruling, this being Exhibit 1, and her sworn testimony, it's also a very positive note that she's been successful in her completion of that.

In its final order, however, the trial court ultimately ruled that Mother had been "convicted" of child endangerment, which included a knowing element, and that in the absence of an

_____

[1] The majority refers to this plea interchangeably as a "best interest/*Alford* plea" or simply as an "*Alford* plea." For ease of reading, I will refer to this solely as an *Alford* plea.

order of expunction, the conviction and "finding of guilt" was sufficient to show that Mother was guilty of severe abuse. From this finding, Mother now appeals, arguing that the trial court erred in using her conviction to establish the knowing element of severe abuse under our child protection statutes.

Somewhat recently, the Tennessee Supreme Court held that a prior conviction was entitled to preclusive effect in a later civil action under the doctrine of collateral estoppel when the defendant had a full and fair opportunity to contest the allegations. *See **Bowen ex rel. Doe v. Arnold***, 502 S.W.3d 102, 116 (Tenn. 2016) (noting some exceptions under the *Restatement (Second) of Judgments* §§ 28, 29 & 85). As the majority correctly points out, this rule appears to be valid even when the defendant enters an ***Alford*** plea to the charge. *See **State v. Albright***, 564 S.W.3d 809, 818 n.5 (Tenn. 2018), *cert. denied,* 139 S. Ct. 2746, 204 L. Ed. 2d 1134 (2019) (citing Stephanos Bibas, *Harmonizing Substantive-Criminal-Law Values and Criminal Procedure: The Case of Alford and Nolo Contendere Pleas*, 88 Cornell L. Rev. 1361, 1373 (July 2003)).[2] The problem, of course, with the trial court's reliance on Mother's conviction is that there was not one. Rather, Mother entered an ***Alford*** plea to the charge of child endangerment, but ultimately received judicial diversion.

Pursuant to Tennessee's judicial diversion statute, Tennessee Code Annotated section 40-35-313, a court may order a criminal defendant to complete diversion instead of entering a conviction. *See* Tenn. Code Ann. § 40-35-313(a)(1)(A) ("The court may defer further proceedings against a qualified defendant and place the defendant on probation upon such reasonable conditions as it may require without entering a judgment of guilty. . . ."). If the defendant successfully completes diversion, "the court *shall* discharge [her] and dismiss the proceedings against [her]." Tenn. Code Ann. § 40-35-313(a)(2) (emphasis added). A successfully completed period of diversion does not, therefore, result in a

---

[2] This statement from ***Albright*** is arguably dicta, as the defendant in that case had not entered an ***Alford*** plea and the collateral effects of the plea were not at issue. *See id.* at 811; *see also generally **Rose v. Blewett***, 202 Tenn. 153, 162, 303 S.W.2d 709, 712–13 (Tenn. 1957) (quoting ***Taylor v. Taylor***, 162 Tenn. 482, 40 S.W.2d 393, 395 (Tenn. 1931)) ("[I]t is a fact that a pronouncement not necessary to the decision of a case, though incidental, and when 'apparently made with consideration and purpose, is at least a judicial dictum, as distinguished from mere obiter dictum, and is entitled to much weight.'"). From my research, this was the first time any Tennessee court came to this conclusion. Indeed, at least one unreported case from this Court came to an opposite conclusion. *See **Bell v. Tennessee Farmers Mut. Ins. Co.***, No. 01A01-9802-CV-00079, 1999 WL 23905, at *3 (Tenn. Ct. App. Jan. 22, 1999) (holding that an ***Alford*** plea was not an admission of guilt and therefore could not be used to void an insurance contract). Moreover, the only citation for the pronouncement in ***Albright*** that a defendant may be collaterally estopped from denying guilt in a later civil action based on an ***Alford*** plea was also to a secondary source that itself cited nothing for this particular proposition. Bibas, 88 Cornell L. Rev. at 1373 ("[N]olo contendere pleas avoid estoppel in later civil litigation, while *Alford* pleas do not."). Nevertheless, my research into this issue has revealed that it is a relatively well-accepted, though not universal, proposition throughout the United States. *But see **Parson v. Carroll***, 272 Va. 560, 566, 636 S.E.2d 452, 455 (Va. 2006) (holding that judicial estoppel did not apply to an ***Alford*** plea); ***Clark v. Baines***, 150 Wash. 2d 905, 907, 84 P.3d 245, 246 (Wash. 2004) ("We hold an *Alford* plea cannot be used as the basis for collateral estoppel in a subsequent civil action.").

conviction. *See Moss v. Shelby Cty. Civil Serv. Merit Bd.*, 597 S.W.3d 823, 834 n.2 (Tenn. 2020) ("If a qualified defendant complies with all of the conditions of diversion, including completing the required probationary period without violating a condition of probation, the trial court will dismiss the diverted charges. The defendant can then request that the charges be expunged from the public record. Tenn. Code Ann. § 40-35-313 (2014).");[3] *Moss v. Shelby Cty. Civil Serv. Merit Bd.*, No. W2017-01813-COA-R3-CV, 2018 WL 4913829, at *3 (Tenn. Ct. App. Oct. 10, 2018), *rev'd on other grounds*, 597 S.W.3d 823 (Tenn. 2020) ("[I]t should be noted that because Mr. Moss was placed on judicial diversion following his *Alford* plea, there was no technical conviction."). As the Tennessee Supreme Court succinctly explained, "Although the judicial diversion statute has a component of guilt that could be characterized as a conviction in the general sense, the statute forecloses the entry of a judgment of conviction unless the defendant violates the terms of his diversion." *Rodriguez v. State*, 437 S.W.3d 450, 457 (Tenn. 2014).

Further, such "[d]ischarge and dismissal . . . is without court adjudication of guilt . . . [and t]he discharge and dismissal shall not be deemed a conviction for purposes of disqualifications or disabilities imposed by law upon conviction of a crime or for any other purpose, except as provided in subsections (b) and (c)." Tenn. Code Ann. § 40-35-313(a)(2).[4] Thus, regardless of whether Mother followed through on expunction of her record, Mother simply does not have a conviction that may be entitled to preclusive effect in this case.

Although the *Albright* court speaks in terms of the preclusive effect of an *Alford* plea, other parts of the opinion make clear that the focus is on the conviction, not simply the plea. Indeed, the Supreme Court made clear that one basis for its ruling was that no matter how it was arrived at—either by plea or by a trial on the merits—a conviction resulted: "We emphasize that the methodology utilized for arriving at a conviction, whether it be upon a trial after a plea of not guilty, upon an *Alford* plea accompanied by a protestation of actual innocence, upon a plea of nolo contendere, or upon a 'straight' plea of guilty, does not alter the legal fact of conviction for sentencing purposes." *Id.* at 820.[5] Even more importantly, the *Albright* court indicated that it was the conviction that had preclusive effect in subsequent civil actions, not merely the plea, explaining that the difference between an *Alford* plea and a nolo contendere plea was that a "*conviction following the entry of* a plea of nolo contendere cannot be used against the accused as an admission in any civil suit for the same act." *Albright*, 564 S.W.3d at 817–18 (emphasis added). Thus, in the absence of a conviction, there is nothing that precludes a defendant

---

[3] The current version of Tenn. Code Ann. § 40-35-313 is not materially different from the 2014 version cited here.

[4] Subsection (b) does not apply to the case at hand insofar as it pertains to the limited circumstance where a criminal defendant who pleaded guilty has her record expunged and subsequently becomes a plaintiff in a related civil case. Subsection (c) is also irrelevant because it only pertains to felony terrorism offenses and certain felonies involving government operations.

[5] The Court noted that the defendant had been granted a diversion in *Albright*, which did not result in a "sentence."

from denying guilt in a subsequent civil action. And because of Mother's diversion, she was not convicted of child endangerment. Indeed, the trial court's oral findings suggest its belief that Mother successfully completed her diverted sentence, resulting in dismissal of the charge.

The majority makes much of the fact that the trial court did not include this finding regarding Mother's successful completion of her diverted sentence in its written order. I concede that the trial court's oral findings on this issue were not included in the trial court's written order. In many cases, however, we have looked to a trial court's oral rulings to inform its decision.[6] *See, e.g.*, ***In re Riannah M.F.***, No. W2013-02057-COA-R3-PT, 2014 WL 806136, at \*3 (Tenn. Ct. App. Feb. 28, 2014); ***State v. Freeman***, 402 S.W.3d 643, 651 (Tenn. Ct. App. 2012). Regardless, I conclude that Mother was not required to show that her diversion was successfully completed, as DCS failed to present sufficient proof that a conviction ever existed, regardless of dismissal or expunction.

Here, the burden was on DCS to prove that Mother committed severe abuse by clear and convincing proof. ***In re S.J.***, 387 S.W.3d 576, 591 (Tenn. Ct. App. 2012). DCS attempted to meet this burden by establishing the necessary "knowing" element through Mother's purported child endangerment conviction. The only documentary proof presented by DCS to establish the "conviction" for child endangerment was a plea form in which Mother was granted judicial diversion.

The Tennessee Supreme Court has made clear, however, that the judicial diversion "statute forecloses the entry of a judgment of conviction *unless* the defendant violates the terms of his diversion[.]" ***Rodriguez***, 437 S.W.3d at 457 (emphasis added). Under this law, a diversion is not a conviction unless and until the defendant violates its terms. The mere fact that Mother entered into a plea and received diversion therefore does not establish a conviction. Given that the plea document alone does not establish a conviction, it was not Mother's burden to prove that her charges had been dismissed through the successful completion of her diverted sentence, but DCS's burden to present sufficient proof that her diverted sentence was in fact converted into a conviction through non-compliance with the terms of her diversion.

Even setting aside the trial court's oral finding that Mother did successfully complete the diverted sentence and reviewing the record de novo, I cannot conclude that DCS met its burden to show that Mother's diversion was revoked due to non-compliance. *See* ***Crabtree v. Crabtree***, 16 S.W.3d 356, 360 (Tenn. 2000) (citing ***Brooks v. Brooks***, 992 S.W.2d 403, 405 (Tenn. 1999)) (holding that when the trial court fails to make a finding of fact on any issue, the appellate court must conduct its "own independent review of the record to determine where the preponderance of the evidence lies"). Mother testified without contradiction that she completed the requirements of her diversion and that her

---

[6] Nothing in the trial court's written order conflicts with the trial court's oral ruling on this issue. It is farcical to suggest that the trial court's failure to include this finding in its written order indicates that the trial court found that Mother had not completed the diverted sentence.

record was therefore "clear." Still, Mother did admit that she failed a single nail bed drug test. Nothing in Mother's testimony or elsewhere in the record, however, indicates that Mother's diversion was revoked due to a single positive drug screening.

Moreover, DCS presented no documentary proof (or affirmative proof of any kind) to show that the diversion was in fact revoked for noncompliance based on this positive drug screen or for any other reason. The majority therefore appears to excuse DCS from the burden it places on Mother to submit documentary proof in support of its claim, even though it is DCS, rather than Mother, that bears the burden of proof in this matter. Rather, it would be rank speculation to find that Mother's testimony that she failed a single drug test is sufficient to show that she did not successfully complete her diverted sentence, particularly in light of Mother's clear testimony that she did and the trial court's oral ruling crediting that testimony. Simply put, DCS did not present sufficient evidence to show that Mother's diversion was converted into a conviction, regardless of her failure to submit documentary proof of the dismissal of her charge or its expungement.[7] With no evidence presented by DCS that Mother was subject to a "conviction following the entry" of the plea, there is nothing that could be used to preclude Mother from denying her guilt in this civil action. *Albright*, 564 S.W.3d at 817–18.

Although DCS was certainly permitted to submit evidence to establish the knowing element independent of her purported "conviction," the trial court's order does not rely on any such ostensible evidence to show the required "knowing" element of severe abuse. Moreover, evidence that the child had suffered previous injuries, without more, does not provide clear and convincing evidence that Mother knew about the alleged abuse. Instead, the evidence shows that the child suffered at least some of its injuries when Mother was indisputably not present. *See In re Devonta L.C.*, No. E2012-00678-COA-R3-PT, 2013 WL 395977, at *11–12 (Tenn. Ct. App. Jan. 31, 2013), *perm. app. denied* (Tenn. June 18, 2013) (finding severe child abuse by both parents where "[the child] sustained serious bodily injury while in the custody of Father and Mother"). In light of DCS's failure to prove that Mother was convicted of child endangerment so as to satisfy the "knowing" element of severe abuse, I cannot conclude that the other evidence presented "eliminates any substantial doubt" in my mind that Mother knowingly exposed or failed to protect the children from abuse. *In re B.A.C.*, 317 S.W.3d 718, 724 (Tenn. Ct. App. 2009). Because the severe abuse finding is not supported by clear and convincing evidence, I must respectfully dissent.

s/ J. Steven Stafford

---

[7] DCS does not actually argue at any place in its appellate brief either that Mother's plea to a diverted sentence constitutes a conviction or that her diverted sentence was not successfully completed. Respectfully, the majority constructs this argument. *Cf.* **Sneed v. Bd. of Prof'l Responsibility of Supreme Court**, 301 S.W.3d 603, 615 (Tenn. 2010) ("It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her[.]").

J. STEVEN STAFFORD, JUDGE